*56 Middleton, J.
The question to be decided by this court is whether upon this record the claimant satisfied the requirements of Section 1345-6, General Code (121 Ohio Laws, 348), as that section appeared at that time. That section provided that no individual shall be entitled to any benefits unless he or she
“ (3) has registered at an employment office or other registration place maintained or designated by the administrator, or has otherwise notified the Bureau of Unemployment Compensation of his unemployment, in accordance with its rules respecting notification, as frequently and in such manner as the administrator may prescribe;
“(4) is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and
“ (5) is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employments not subject to this act.”
It is conceded that the claimant satisfied the registration requirement. The trial court and the Court of Appeals held, contrary to the decision of the Board of Review of the Bureau of Unemployment Compensation, that the claimant was available for work inasmuch as she had registered as required and had made weekly visits to the employment office.
The question is, therefore, Is a claimant for unemployment compensation required to do more than register and report weekly at the employment office in order to be “available for work” as required in the above-quoted sections of the General Code?
The Court of Appeals cited and relied upon two previous decisions of this court, namely, Leonard v. Unemployment Compensation Board of Review, 148 Ohio St., 419, 75 N. E. (2d), 567, and Hinkle v. Lennox *57 Furnace Co., 150 Ohio St., 471, 83 N. E. (2d), 521. Without intending to overrule either of those previous decisions we disagree with the conclusion of the Court of Appeals so far as that court considered those decisions as determining the issue involved in this case. We reaffirm the statement made in paragraph one of the syllabus in the Leonard case that “no hard and fast rule as to what constitutes availability for work can be adopted. Availability under the act depends in part on the facts and circumstances in each case * * * "
The facts and circumstances in the Hinkle and the Leonard cases were different from those involved in the present case and the narrow issue of the present case was not present in either of those earlier cases. We believe that the word “available” as used in the statute implies something more than willingness to accept a job if one is offered. This belief is strengthened by the language used in subsectio,n 5 which requires that the claimant be “unable to obtain work.” This language certainly implies some obligation on the part of the claimant to make reasonable effort to obtain work. In the absence of such reasonable effort the claimant is not “available.” In our judgment the General Assembly did not contemplate that the job should seek the man and it was not the purpose of the General Assembly to provide vacations with pay. The registered claimant should not be absolved from all duty to help himself and to make reasonable effort to procure employment merely because the state of Ohio maintains an employment office and makes the services of that office available to those out of employment to assist them in finding jobs. The efforts of the employment office are intended to supplement and not to entirely supplant the individual \s efforts.
*58 It is significant that, as of October 18, 1949, the General Assembly amended subsection 4 to read:
“ (4) is able to work and available for suitable work and is actively seeking such work, either at a locality in which he has earned wages * * (Italics supplied.)
If the present case had arisen after the amendment, of the statute, it could not have been argued that registration alone qualified the claimant as being available. This amendment, we believe, merely clarifies and does not change the meaning of the word “available” as it appeared in the statute previous to the amendment.
The courts of other states have construed similar statutes in harmony with the construction here announced, including the following:
“Registration for work under the act, alone, is not sufficient to show a prima facie right to the benefits of the act.” Hunter v. Miller, Commr. (1947), 148 Neb., 402, 27 N. W. (2d), 638.
“An unemployed individual is eligible to receive benefits only if it appears that the required conditions have been met and the burden is upon him to show that those conditions exist. * * *
“Registration for work and reporting at an employment office in accordance with regulations is but one of several findings, among which are the further findings that claimant is able to work and that he is available for work. * * *
" A hard and fast rule as to what constitutes availability for work cannot be laid down. It depends upon the facts and circumstances of each case.
" We think, however, that a claimant in order to show that he was available for work’ during the time for which he seeks benefits must at least show that he *59 acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to pérform by past experience or training.” Department of Industrial Relations v. Tomlinson, 251 Ala., 144, 36 So. (2d), 496.
“The act requires of a claimant thereunder something more than merely informing the department that he or she is out of work and therefore claims unemployment compensation. It requires the individual to make an active and reasonable effort to secure suitable employment. Were this not a requirement and were its mandate not obeyed, it is easy to see how the funds created by the Unemployment Compensation Act would’soon disappear, like chaff before the wind, leaving no protection to those who are rightfully entitled thereto by reason of their enforced unemployment. ” Jacobs v. Office of Unemployment Compensation and Placement, 27 Wash. (2d), 641, 179 P. (2d), 707. See, also, Huiet, Commr., v. Schwob Mfg. Co., 196 Ga., 855, 27 S. E. (2d), 743.
The burden of proof to establish a claimant’s right to benefits under the unemployment compensation law rests upon the claimant.
The claimant must act in good faith and make reasonable effort to find suitable employment. Mere registration and weekly reporting, without such reasonable effort, does not satisfy the requirement of the statute in question and does not make the claimant “available” as that word was used in that statute. The record herein does not reveal reasonable effort on the part of this claimant to find work. We agree with the Board of Beview, the referee and the administrator that the claimant did not establish that she was “available for work” as required and that she is not entitled to unemployment compensation.
*60 The judgment of the Court of Appeals is reversed and final judgment rendered for appellant.

Judgment reversed.

Weygandt, C. J., Stewart, Taft and Matthias, J J., concur.
Zimmerman and Hart, JJ., dissent.