In re Applications of Columbus & Southern Ohio Electric Co. for Rate Increase : Coalition of Concerned Utility Users of Central Ohio, Appellant, v. Public Utilities Commission of Ohio et al., Appellees.

[Cite as Coalition of Concerned Utility Users v. Pub. Util. Comm. (1976), 45 Ohio St. 2d 151.]

(No. 75-611—Decided February 18, 1976.)

152

*Mr. Edward A. Harter* and *Mr. Thomas Sweeney*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Charles S. Rawlings* and *Mr. Robert T. Maison*, for appellee Public Utilities Commission.

*Messrs. Porter, Stanley, Platt & Arthur, Mr. Samuel H. Porter* and *Mr. John T. Billick*, for appellee Columbus & Southern Ohio Electric Company.

*Per Curiam.* The first question raised by appellant is that the declaration of the existence of a present emergency by the commission exceeded its jurisdiction under R. C. 4909.16 because of "clear and convincing evidence that the company can meet its expenses, continue its construction program and otherwise meet its immediate statutory obligation to provide service to the public without any rate relief."

The emergency rate relief granted by the commission upon the record of evidence adduced at the hearing was pursuant to R. C. 4909.16, which reads, in part, as follows:

"When the Public Utilities Commission deems it necessary to prevent injury to the business or interests of the public or of any public utility of this state in case of any emergency to be judged by the commission, it may temporarily alter, amend, or, with the consent of the public

utility concerned, suspend any existing rates, schedules, or order relating to or affecting any public utility or part of any public utility in this state. * * *'' Clearly, this statute confers jurisdiction on the commission to determine (1) whether the relief sought under R. C. 4909.16 is necessary to prevent injury, and (2) whether such relief is necessary "in case of any emergency *to be judged by the commission.*" (Emphasis added.)

Thus, appellant's first question resolves into a claim that the declaration of an emergency by the commission was not supported by the evidence. A review of the record, however, reveals that the findings and order of the commission are not "* * * manifestly against the weight of the evidence * * *," in this regard. *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403, paragraph four of the syllabus.

The second question raised by appellant is that the findings of the commission were deficient in that they made no specific reference to evidence in the hearing record of consumers and others opposing the emergency order sought by the company, which it is claimed reflects a failure to consider all the evidence.

Although there were many witnesses, primarily consumers, who opposed any rate relief for the company, the absence of specific findings by the commission detailing or summarizing such evidence does not reflect a failure to consider same where the findings and order are not "manifestly against the weight of the evidence" as shown by the record. The findings of fact are factual conclusions drawn from the evidence and are not intended as an evidentiary summary or review of all the evidence.

For the foregoing reasons, the order of the Public Utilities Commission being neither unreasonable nor unlawful is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.