FEIM, APPELLEE, *v.* BOARD OF REVIEW ET AL., APPELLANTS.

(No. 77AP-630—Decided March 21, 1978.)

*Messrs. Fontana, Ward, Kaps & Perry,* and *Mr. David Bloomfield,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Richard S. Szilagyi* and *Mr. Eugene P. Nevada, Jr.,* for appellants.

McCORMAC, J.   Appellee was discharged from his employment on March 15, 1975. On March 26, 1975, appellee filed a claim for unemployment benefits which was subsequently denied by the administrator and the Board of Review. The Board's decision was reversed by the Franklin County Court of Common Pleas, who ordered that the claim be allowed.

Having had his disqualification for benefits removed, appellee then claimed additional benefits for subsequent weeks ending April 12, 1975, April 19, 1975, and April 26, 1975, through August 9, 1975. The administrator disallowed these claims, and their disallowance was affirmed by the Board of Review on the basis that appellee had not shown that he had been deterred by circumstances beyond his con-

trol from filing a timely claim for benefits, as required by a regulation of the Ohio Bureau of Employment Services. The Board held that the fact that an appeal was pending from an adverse determination as to the initial weekly claim was not a sufficient reason for failure to timely file claims for subsequent weeks.

The decision of the board was appealed to the Franklin County Court of Common Pleas who reversed the holding, finding the order of the board to be unreasonable, unlawful and against the manifest weight of the evidence.

The administrator and the Board of Review have appealed the judgment of the Common Pleas Court, setting forth the following assignments of error:

"1. The Common Pleas Court erred in attempting to judicially eliminate the registration requirements contained in 4141.29(A)(3) and Regulation UC-27-02 which are a condition precedent to continued eligibility for unemployment benefits.

"2. The Court of Common Pleas erred in placing the burden of proving 'ineligibility' on the Bureau of Employment Services, thereby ignoring the case of *Shannon* v. *Bureau of Unemployment Compensation,* 155 Ohio St. 53 (1951) cited below.

"3. The decision of the Court of Common Pleas violates the requirements of 42 USC 503 (A)(6) and the U. S. Department of Labor."

Claimant was discharged from his employment and sought unemployment compensation benefits. His claim was initially disallowed by the administrator and Board on the basis that his discharge was for just cause. Claimant appealed to the Franklin County Court of Common Pleas who held that claimant was unjustly discharged from his employment.

After the reversal of the disallowance of the basic claim, claimant belatedly filed a claim for other weeks of unemployment. The reason given for the late filing was that claimant did not realize that it was necessary to file additional claims since the first claim had been rejected even though an appeal was taken. Claimant said that he was not advised of any necessity to do so by the administrator.

His testimony before the Board of Review was that he did not work at all during the weeks for which the later claims were filed, and that he was looking for a job during this period. Claimant admitted that there was no physical reason why he could not have appeared to file a claim as required by regulation and stated that he would have done so had the initial claim been allowed.

R. C. 4141.29(A) provides, as pertinent, as follows:

"(A) No individual is entitled to a waiting period or benefits for any week unless he:

"(1) Has filed a valid application for determination of benefit rights in accordance with section 4141.28 of the Revised Code.

"(2) Has made a claim for benefits in accordance with section 4141.28 of the Revised Code.

"(3) Has registered at an employment office or other registration place maintained or designated by the administrator of the bureau of employment services. *Registration shall be made in person or in writing in accordance with the time limits, frequency, and manner prescribed by the administrator.*

"(4)(a) Is able to work and available for suitable work and is actively seeking suitable work either in a locality in which he has earned wages subject to Chapter 4141. of the Revised Code, during his base period, or if he leaves such locality, then in a locality where suitable work is normally performed." (Emphasis added.)

The administrator of the Bureau of Employment Services has promulgated the following regulation for the registration prescribed by R. C. 4141.29(A)(3). Regulation UC-27-02 provides as follows:

"Claims for benefits shall be filed weekly or biweekly, in person or by mail, on forms and in a manner prescribed by the Administrator. An individual filing a claim for benefits shall furnish any information necessary to determine his eligibility for benefits. Where an individual has been permitted to register and file a claim by mail, in accordance with Regulation UC-29-01, such claim shall be deemed to have been filed when the individual has mailed the prescribed dated and signed form and such form has

been received by the Bureau within the time limits set forth in Regulation UC-27-02 (A). Such form shall be deemed to have been filed on the date on which it is post-marked.

"If for reasons constituting good cause an individual does not file a claim for benefits on a specified reporting day the Bureau may specify a day other than that original-ly established. An individual shall file claims for benefits with the same local office in which he filed his application for determination of benefit rights; except that, for reasons found to constitute good cause by the Bureau, the indivi-dual may be authorized to file claims for benefits with any other Bureau office in this state or another state. 4141.29 (A)(2) and (3)."

An exception to the time limitation specified by UC-27-02 is provided for in UC-27-02(C) as follows:

"In exceptional cases, when it is shown to the satis-faction of the Administrator that an individual has been deterred by circumstances beyond his control from filing a claim as prescribed in Regulation UC-27-02 and that enforcement of the prescribed time limitation would re-sult in an inequitable determination, the Administrator may extend the time limitations set forth in such Regula-tion 4141.13(A) and (C)."

According to the regulations, an individual must have been *deterred by circumstances beyond his control* from filing a timely claim in order for there to be an extension of the time limitation for filing claims for benefits. It is not sufficient in itself that enforcement of the prescribed time limitation results in an inequitable determination.

Appellee did not prove that there were circumstances beyond his control which prevented weekly reporting, as required by regulation, while his appeal of the initial dis-allowance of his claim was pending. Claimant's excuse was simply ignorance of the regulation in that he did not real-ize that he would have to continue reporting in order to claim benefits for subsequent weeks in the event that the initial disallowance was reversed on appeal.

Appellee does not claim that regulation UC-27-02 is illegal. Regulation UC-27-02 was adopted pursuant to the

express authority set forth in R. C. 4141.29(A)(3). Appellee, in effect, seeks to have the regulation rewritten to include broader exceptions than prescribed by the administrator.

There appear to be several reasons for requiring weekly reporting as a condition to continued eligibility for employment benefits. Weekly reporting provides timely information to be used to check the claimant's eligibility, although it is doubtful in this case that any check would have been made until the initial disallowance was reversed. The claimant who reports is sometimes referred to a prospective job. Moreover, the state of Ohio is required to transmit statistics to the Secretary of Labor concerning unemployment in Ohio irrespective of whether benefits are payable.

The trial court found that continued reporting after the initial claim had been disallowed would have been a vain act as his claim had been rejected. However, it was a required act if later benefits were to apply in the event of reversal. Moreover, reporting served other purposes previously referred to. Appellee through counsel had timely contested the initial rejection. The board's determination that the claimant was not deterred by circumstances beyond his control from filing a weekly claim as required by regulation is not against the manifest weight of the evidence, even though enforcement of that time limitation may have resulted in an inequitable determination under the facts of this case.

Assignment of error number one is sustained.

Appellants' second assignment of error is overruled. The court held that claimant fulfilled his burden of proof in establishing his right to benefits rather than requiring the bureau to prove ineligibility.

Appellants' third assignment of error is overruled. There is no showing that the judgment of the Common Pleas Court violates federal reporting requirements. The quoted regulation, when applicable, permits excuse from these requirements. The trial court misinterpreted the requirements of regulation UC-27-02.

Appellants' first assignment of error is sustained, and

appellants' second and third assignment of error are over-ruled. The judgment of the trial court is reversed and a final judgment is entered for appellants.

*Judgment reversed.*

REILLY, J., concurs.
WHITESIDE, J., dissents.

WHITESIDE, J. dissenting. The Board of Review found claimant ineligible for benefits because he did not make weekly filings of claims for benefits after the initial determination that he was "ineligible for benefits for the duration of unemployment caused by his discharge." Upon appeal, the original determination was reversed by the Common Pleas Court, which found that claimant should be granted "unemployment benefits beginning with the week of March 29, 1975, subject to O. R. C. 4141.29(A)(5) and other applicable statutes."

Upon appeal of the present case, the Common Pleas Court found that the effect of "the present order is to obviate the judgment of July 30, 1976," upon the prior appeal, and further that:

"* * * Appellant [claimant] is not required to make vain and useless filings during his appeal from a disallowed claim in order to meet the technical requirements of an administrative regulation. The appeal is sufficient notice to the bureau."

The issue, thus, is whether the judgment of the Common Pleas Court constitutes an abuse of discretion or is contrary to law since, pursuant to R. C. 4141.28(N), the issue before that court was whether the decision of the Board of Review "was unlawful, unreasonable, or against the manifest weight of the evidence."

Neither R. C. 4141.28, nor R. C. 4141.29(A), specifically requires weekly filings of claims for benefits. R. C. 4141.29(A)(1) requires the filing of an application for benefit rights, and R. C. 4141.29(A)(2) requires claimant to make a claim for benefits in accordance with R. C. 4141.-29. Regulation UC-27-02 does provide that "claims for

benefits shall be filed weekly or biweekly." It is unclear, however, as to the statutory foundation for such regulation. The decision of the Board of Review was founded solely upon claimant's failure to follow such regulation despite the prior finding of the same Board that such filings would be inappropriate since the prior decision determined not only a single benefit week but also "the duration of unemployment caused by his discharge." Accordingly, although no continued claims had been filed, the Bureau by the prior decision (although subsequently reversed), effectively rejected claims for subsequent benefit weeks as though they had in fact been filed.

Accordingly, I find no error of law, nor abuse of discretion, on the part of the Common Pleas Court.

There is, however, an additional issue involved not reached by the Board of Review. R. C. 4141.29(A), as a prerequisite for benefits, requires registration "at an employment office," which shall be made "in accordance with the time limits, frequency, and manner prescribed by the administrator." This, claimant failed to do, after the initial determination that he was ineligible for benefits, regardless of what he did, which determination claimant was successful in reversing upon the prior appeal.

However, R. C. 4141.29(A)(4)(b) specifically provides that:

"The individual shall be instructed as to the efforts that he must make in his search for suitable work, except where the active search for work requirement has been waived under division (A) (4) (a) of this section, and shall keep a record of where and when he has sought work in complying with such instructions and shall, upon request, produce such record for examination by the administrator."

Claimant testified that he was not so informed with respect to registration after he was denied benefits for the duration of his then current unemployment. R. C. 4141.46 provides that: "Sections 4141.01 to 4141.46, inclusive, of the Revised Code shall be literally construed."

To require continued weekly or biweekly filings of claims for benefits following a determination that the

claimant is not entitled to benefits during his then current unemployment would constitute a vain and undesirable act. The burden that would be placed upon the Bureau, the Board of Review, and the court would be overwhelming. Weekly or biweekly the claimant would be compelled to file claims, the Bureau would be compelled to deny the claims, the claimant would be required to file appeals to the Board of Review, which would affirm the Bureau, and the claimant would then be compelled to file an appeal to the Common Pleas Court.

Statutes should be construed to mimimize, rather than maximize, litigation wherever appropriate. UC-27-02 specifically provides as to the weekly or biweekly filing requirements that later filings may be permitted "for reasons constituting good cause." The circumstances of this case (absolute rejection of all claims for the duration of the unemployment) constitute good cause for claimant's failure to make continued filings contrary to such determination. Similarly, such determination, coupled with the failure of the Bureau to give proper instructions to claimant to do so, pursuant to R. C. 4141.29(A)(4)(b), could reasonably be found to constitute a situation where claimant "has been deterred by circumstances beyond his control from filing a claim" weekly or biweekly after such determination. It is required only that claimant be "deterred," not that he be prevented, from filing a claim.

Accordingly, I would overrule the assignments of error. However, the judgment of the Common Pleas Court should be modified to provide for remanding the cause to the Board of Review for a determination in accordance with R. C. 4141.29(A)(5) of whether claimant was unable to obtain suitable work and whether claimant was actively seeking suitable work in compliance with R. C. 4141.29 (A)(4)(a), which issues were not reached by the Board of Review.