GASTON, APPELLANT, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES

(No. 45960—Decided August 18, 1983.)

Mr. Robert H. Bonthius, Jr., for appellant.

Mr. Anthony J. Celebrezze, Jr., attorney general, Mr. Michael A. Moses, Mr. Q. Albert Corsi, Messrs. Squire, Sanders & Dempsey, and Mr. Robert H. Gillespy, for appellees.

HOFFMAN, J. This cause came on to be heard on the pleadings and the transcript of evidence and the record from the Court of Common Pleas of Cuyahoga County and was argued by counsel for the parties. Upon consideration the court finds no error prejudicial to the appellant and therefore the judgment of the Court of Common Pleas of Cuyahoga County is affirmed.

Each assignment of error was reviewed and upon review the following disposition made.

This is an appeal by plaintiff-appellant, Mary M. Gaston, hereinafter referred to as appellant, from the judgment of the Cuyahoga County Court of Common Pleas. The court's judgment affirmed the decision of the defendant-appellee Board of Review, Ohio Bureau of Employment Services, hereinafter referred to as appellee, which denied appellant's application for extended benefits for the reason that her application for such extended Trade Readjustment Allowances was not filed within the one-hundred-eighty day limitation imposed by the statutes and regulations.

Appellant filed her application for extended benefits on October 7, 1980; however, the one-hundred-eighty day period for filing the application had expired on June 24, 1980.

Appellant raises the following two assignments of error:

Assignment of Error No. I

"The Court of Common Pleas, Cuyahoga County, erred in affirming the 'Decision of the Board of Review,' Ohio Bureau of Employment Services (OBES), mailed on July 1, 1981, pursuant to ORC § 4141.28(O)."

Assignment of Error No. II

"Ms. Gaston's application for 26 additional weeks of TRA 'while in training' benefits, filed on October 7, 1980 should be considered as timely under the doctrine of equitable estoppel and therefore the 'Decision of the Board of Review,'

mailed on July 1, 1981, is unlawful, unreasonable and against the manifest weight of the evidence, pursuant to ORC § 4141.28(O)."

## I

Appellant's first assignment of error is that the lower court erred in affirming the decision of appellee pursuant to R.C. 4141.28(O).

R.C. 4141.28(O) provided in pertinent part:

"Any interested party may * * * appeal from the decision of the board to the court of common pleas * * *. The board * * * shall * * * file with the clerk a certified transcript of the record of the proceedings before the board * * *, and the appeal shall be heard upon such record * * *. If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision * * *; otherwise such court shall affirm such decision. * * *"

Obviously, the court of common pleas did not find the decision of appellee unlawful, unreasonable or against the manifest weight of the evidence.

The proceedings in the court of common pleas in unemployment compensation appeals are error proceedings, not proceedings de novo.

The Ohio Supreme Court has held that:

"The decision of purely factual questions is primarily within the province of the referee and the board of review. The courts reverse such decisions only when found to be contrary to law or against the manifest weight of the evidence. This court does not consider the question of the weight of the evidence. * * *" Brown-Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511, 518 [36 O.O. 167].

The determination respecting the credibility of witnesses is exclusively within the province of the board of review or the referee, and such determinations may not be disturbed by review in court. If the decision is supported by credible proof, the finding may not be disturbed.

"The burden of proof is upon the claimant to establish the right to unemployment benefits under the unemployment compensation law of Ohio." Shannon v. Bureau of Unemployment Compensation (1951), 155 Ohio St. 53 [44 O.O. 75], paragraph one of the syllabus.

It is clear from the record that appellant did not file her application within the one-hundred-eighty day period imposed by the statutes and regulations. It is also evident that there is no provision either in the federal statutes or regulations, as established by the Secretary of Labor, for the extension of this one-hundred-eighty day period.

For the above stated reasons, this assignment of error is overruled.

## II

Appellant's second assignment of error is that her application for additional benefits should be considered as timely filed under the doctrine of equitable estoppel.

Appellant argues that appellee board should be estopped to deny her application as not being timely filed within the one-hundred-eighty day period imposed by the statutes and regulations, because appellee's employees misinformed her and failed to provide her appropriate information and assistance in applying for the benefits.

At the expense of repeating ourselves, it is necessary at this point to again restate that determinations respecting the credibility of witnesses are exclusively within the province of the board of review or the referee.

It must be noted that there is no provision either in the federal statutes or in the regulations, as established by the Secretary of Labor, for the extension of the one-hundred-eighty day period for filing the application.

Whether estoppel can be set up against the government on the basis of an unauthorized statement of an

employee, who is without authority in his individual capacity to bind the government, has been determined in Ohio. The Ohio Supreme Court has said that estoppel does not lie against the state in the exercise of a governmental function. *Besl Corp.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 146, 150 [74 O.O.2d 265].

"* * * Unlike an individual, the state can act only by its agents or officers, and it cannot be estopped by acts of its officers or agents unless it has by statute authorized them to act on that behalf, and then the estoppel can be no broader then [*sic*] the authority. * * *" (Footnotes omitted.) 20 Ohio Jurisprudence 2d (1956) 563, Section 77, Estoppel and Waiver.

In *Federal Crop Ins. Corp.* v. *Merrill* (1947), 332 U.S. 380, 384, the Supreme Court stated that persons seeking information from the government must assume the risk that the agent of the government might be wrong.

The decision of the Fourth Appellate District in *VanTassel* v. *Steenbergen Turkey Farms, Inc.* (Aug. 14, 1981), Lawrence App. No. 1488, unreported, held that estoppel would not lie to extend the appeal period of a claimant's unemployment benefits, because he had relied upon the statement made by the bureau benefit director, which seemed to indicate a longer appeal period. The court stated, at pages 4 to 5:

"* * * It is a fundamental proposition that just as parties cannot confer subject matter jurisdiction by consent, subject matter jurisdiction cannot be acquired based upon a theory of estoppel or waiver arising from the acts of the parties or their agents. In short, the law alone confers jurisdiction. *Gates Mills Investment Co.* v. *Parks* (1971), 25 Ohio St. 2d 16 [54 O.O.2d 157]; *Bobala* v. *Bobala* (1940), 20 O.O. 45 (App.); 22 Ohio Jur. 3rd 465, Sec. 300 (Courts and Judges); 20 Am. Jur. 2d 455, Sec. 95; Cf. *Jolley* v. *Martin Brothers Box Co.* (1952), 158 Ohio St. 416 [49 O.O. 298]."

If the statements of appellant are to be believed, a counsel in a local office of the Ohio Bureau of Employment Services is to be charged with the authority to extend or toll the filing period for additional TRA (Trade Readjustment Allowances; see Section 2271 *et seq.*, Title 19, U.S. Code) benefits.

Neither the case law, the statutes nor regulations support the position of appellant herein.

The weight of Ohio authorities is clear that the representation of an official in an agency administering the distribution of benefits, no matter how highly placed, cannot alter the time period for filing, as set down by the statutes, through any estoppel or tolling period.

The authorization to extend the time limits for eligibility for TRA benefits is a matter for legislative action by the United States Congress, not by the bureau or officials of the Ohio Bureau of Employment Services.

As stated in *Anders* v. *Giles* (Jan. 26, 1983), Clermont App. No. CA 1084, unreported, at page 5:

"* * * The only possible circumstance under which estoppel could apply would be where the governmental agency has the authority to extend the time for taking action. Here, no such authority exists in the Administrator, the time limitation being mandatory and jurisdictional and not subject to extension or excuse by the Administrator."

For the above-stated reasons, this assignment of error is overruled.

For all of the reasons set forth herein, both assignments of error of the appellant are overruled, and the judgment of the Cuyahoga County Court of Common Pleas is affirmed.

DAHLING, P.J., and TURPIN, J., concur.

DAHLING, P.J., of the Eleventh Appellate District, and HOFFMAN and TURPIN, JJ., of the Fifth Appellate District, sitting by assignment in the Eighth Appellate District.