### Wesley v.
### Ohio Bureau of Employment Services
*[Cite as 6 AOA 10]*

*Case No. C-890392*
*Hamilton County, (1st)*
*Decided August 8, 1990*

*Bernard C. Fox, Esq., Fox & Fox, L.P.A., 800 American Building, 30 East Central Parkway, Cincinnati, Ohio 45202, for Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General of Ohio, and Patrick K. Wilson, Esq., 145 South Front Street, Columbus, Ohio 43215, for Appellant.*

*Per Curiam.*

This cause came on to be heard upon the consolidated appeals, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the

transcript of the proceedings, the briefs and the oral arguments of counsel.

Appellee's decedent, Connie L. Haas, was separated from her employment with Kenner Products, Inc., on July 7, 1986, due to a reduction in the work force which was attributed to foreign imports. Haas filed an application for unemployment compensation with the Ohio Bureau of Employment Services (OBES), which was ultimately approved. On April 22, 1987, Haas filed with OBES an application for Trade Readjustment Allowances (TRA), and an application for additional TRA while in training. Haas received basic TRA; however, appellee Administrator denied her application for additional TRA while in training, stating:

"Claimant's application for training allowances was not filed within the 210 day limitation. Accordingly, claimant's application for additional allowances while in training is disallowed."

Haas filed a request for reconsideration which was denied. She then filed a notice of appeal with the Unemployment Compensation Board of Review ("Board"). Following a hearing, the Board referee affirmed the Administrator's decision. Haas's application to institute further appeal before the Board was denied.

Haas filed a notice of appeal to the Hamilton County Court of Common Pleas. The trial court reversed the decision of the Board, holding that OBES was estopped from denying Haas's application and that she was entitled to additional TRA while in training. The Administrator of OBES timely appealed.

The Administrator raises three assignments of error for our review, which allege:

"The Court of Common Pleas erred in finding that claimant relied to her detriment upon information given by the Ohio Bureau of Employment Services.

"The Court erred in applying equitable estoppel to prohibit OBES from denying additional TRA while in training to the claimant.

"The Court of Common Pleas erred in ruling that the time limitations in the trade readjustment allowance program are subject to the equitable tolling." Section 2293(b), Title 19, U.S. Code provides:

"Limitations on additional payments for training periods. A trade readjustment allowance may not be paid for an additional week specified in subsection (a) (3) if the adversely affected worker who would receive such allowance did not make a bona fide application to a training program approved by the Secretary under section 236 *** within 210 days after the date of the worker's first certification of eligibility to apply for adjustment assistance issued by the Secre

tary, or, if later, with 210 days after the date of the worker's total or partial separation referred to in section 231(a)(1) ***."

Appellant argues that because Haas failed to file her application for additional TRA with OBES within two hundred ten days from July 7, 1986, the date of her separation from employment, she was ineligible for additional TRA while in training. Appellee argues, and the trial court held, that because Haas relied to her detriment on incorrect information given by an employee of OBES, and was not given any written instructions on the procedure for filing the application, OBES was estopped from denying Haas's application for additional TRA while in training.[1]

Section 2293(b), Title 19, U.S. Code requires that a claimant file "a bona fide application to a *training program* approved by the Secretary" within two hundred ten days of the claimant's separation from employment. There is no evidence in the record that Haas filed an application to a training program within two hundred ten days after July 7, 1986. Haas's application for additional TRA while in training, which she filed with OBES on April 22, 1987, lists the Raymond Walters Campus of the University of Cincinnati as the "training facility; "however, there is no indication of the date on which Haas applied to that institution.

The burden of proof is upon the claimant to establish the right to unemployment benefits under the unemployment compensation law of Ohio. *Shannon v. Bureau of Unemployment Compensation* (1951), 155 Ohio St.'53, 97 N.E.2d 425; *Gaston v. Board of Review* (1983), 17 Ohio App. 3d 12, 477 N.E.2d 460. Because Haas failed to establish that she applied to a training program within two hundred ten days of her separation from employment, the Board was correct in denying Haas's application for additional TRA while in training. The assignments of error are sustained.

The judgment of the trial court is reversed and the decision of the Unemployment Compensation Board of Review is reinstated.

UTZ, P.J., KLUSMEIER and GORMAN, J.J.

---

[1] We note that in *Griffith v. J.C. Penney Co., Inc.* (1986), 24 Ohio St. 3d 112, 493 N.E. 2d 959, the Supreme Court held that OBES was not estopped from asserting the fourteen-day time limit for filing a request for reconsideration, even though an employee of OBES had date-stamped an unemployment compensation claimant's request for reconsideration form and had told the claimant that this would "cover" him, when the notice form adequately informed the claimant of the time limit for filing the request.