PER CURIAM.
Appellant challenges a declaratory judgment entered against it. Specifically, it first claims that the trial court erred when it failed to dismiss this case for failure to join an indispensable party. We reject that contention. See Phillips v. Choate, 456 So.2d 556 (Fla. 4th DCA 1984).
Secondly, appellant argues that the trial court erred in failing to apply Ohio law to the substantive legal issue of agency, appellant having claimed that it had a right to rely on the representations of agents of FDIC. The trial court concluded that appellant had a duty to inquire into the authority of the agents of FDIC, a government agency, to enter into a contract, citing Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). However, Ohio law is in accord. See, e.g., Gaston v. Bureau of Employment Services, 17 Ohio App.3d. 12, 477 N.E.2d 460 (1983). Furthermore, the trial court found that appellant had actual knowledge of the limitations on the agent’s authority.
For the foregoing reasons, we affirm.
GLICKSTEIN, C.J., and DELL and WARNER, JJ., concur.