OPINION
{¶ 1} Appellant, Graham Kisker, is appealing from the denial of unemployment compensation based upon a finding that he was terminated for just cause. He assigns a single error for our consideration:
 THE TRIAL COURT ERRED IN AFFIRMING THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION THAT APPELLANT WAS TERMINATED FROM HIS EMPLOYMENT FOR JUST CAUSE, THEREFORE DIS-QUALIFYING *Page 2 
APPELLANT FROM RECEIVING UNEMPLOYMENT COMPENSATION BENEFITS.
 {¶ 2} Appellant worked for Coca-Cola Enterprises, Inc. from August 1997 until March 23, 2005, when he was fired because he had been arrested on a charge of operating a vehicle while under the influence ("OVI"). Appellant had been stopped while operating a company car on his personal time. He had submitted to breath testing which indicated that he had alcohol in his system in excess of the concentration permitted by Ohio law. Specifically, he tested .151, well in excess of the limit of .08.
 {¶ 3} As a result of his arrest and test, appellant had his driving privileges suspended immediately. Coca-Cola Enterprises, Inc. terminated his services as an account manager. Appellant then applied for unemployment compensation.
 {¶ 4} The unemployment benefits were ultimately denied because the Unemployment Compensation Review Commission ("commission") found that appellant was terminated for just cause. This finding was affirmed by the common pleas court, which applied R.C. 4141.282(H). R.C. 4141.282(H) reads:
 The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.
We are to apply the same statute in reviewing the action of the commission.
 {¶ 5} The Supreme Court of Ohio has ruled that we are not to make factual findings or determine the credibility of witnesses. SeeTzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694. However, we are to determine whether the *Page 3 
commission's decision is supported by evidence in the record and is otherwise reasonable and lawful.
 {¶ 6} The underlying facts are not in serious dispute. Appellant was speeding in a company car when he was pulled over by Westerville police. After he performed poorly on the field sobriety tests, he was asked to take a breathalyzer test. His breathalyzer test was in excess of the legal limit. Coca-Cola Enterprises, Inc. had a written policy which provided that an employee who operates a company vehicle while under the influence of alcohol could be terminated, whether the operator was on personal time or company time. The policy provided that an employee would be terminated for a second offense and could be terminated for a first offense. Appellant had been provided a copy of the policy.
 {¶ 7} The hearing before the commission focused on the question of whether or not appellant could still perform his employment. The commission simply found that appellant had been fired for just cause solely because of his arrest in a company car and its violation of written company policy. "Just cause" is not defined by statute. The Supreme Court of Ohio has indicated that there is no "slide rule definition of just cause," but that the phrase could be considered "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." See Irvine v. State UnemploymentComp. Bd. of Review (1985), 19 Ohio St.3d 15, 17, citing Peyton v. SunT.V. and Appliances (1975), 44 Ohio App.2d 10, 12.
 {¶ 8} We accept and follow the Supreme Court of Ohio's guidance on comprehending "just cause." Applying that guidance to appellant's situation, the decision that he was fired for just cause is not unlawful, unreasonable or against the manifest weight of the evidence. *Page 4 
 {¶ 9} The decision of the Ohio Department of Job and Family Services was clearly not unlawful. The decision was also not against the manifest weight of the evidence. The fact that appellant may have been able to take vacation and/or acquire the services of another to help him fulfill his job responsibilities while his operator's license was suspended due to his OVI charge does not mean that Coca-Cola Enterprises, Inc. lacked just cause to terminate his employment. Coca-Cola Enterprises, Inc. had a strong basis for believing that appellant placed himself and company property at serious risk.
 {¶ 10} Again, we cannot say the commission's decision to deny appellant unemployment compensation was unreasonable, unlawful or against the manifest weight of the evidence. We therefore overrule the single assignment of error. As a result, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and BOWMAN, JJ., concur. BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1