OPINION
{¶ 1} Shelley Megan Mateer, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court affirmed the decision of the Unemployment Compensation Review Commission ("commission"), defendant-appellee. *Page 2 
 {¶ 2} On June 6, 2006, appellant filed an application for unemployment benefits related to her prior employment with Columbus State Community College and the Bexley City Board of Education, defendants-appellees. On June 21, 2006, the Director, Ohio Department of Job and Family Services ("ODJFS"), defendant-appellee, determined appellant was not eligible for benefits. Appellant claimed that she contacted a caseworker for ODJFS, "Kristen," who told her she should not file an appeal because her office would resolve the issue and filing an appeal would complicate Kristen's efforts. After the time for appeal expired, Kristen informed appellant that she could not resolve the issue and appellant should file an appeal. On July 19, 2006, appellant filed an appeal. On August 8, 2006, ODJFS filed a redetermination decision dismissing the appeal as being untimely filed as the filing was not within the 21-day period provided by R.C. 4141.281(A). Appellant appealed this decision to the commission. A commission hearing officer affirmed ODJFS's redetermination decision on March 15, 2007. On March 23, 2007, appellant filed a request for review before the commission. On April 19, 2007, the commission denied appellant's request for review.
 {¶ 3} On May 18, 2007, appellant filed an appeal with the Franklin County Court of Common Pleas. On October 24, 2007, the court affirmed the decision of the commission. The court found that appellant's initial appeal was not timely filed pursuant to R.C. 4141.281(A); the circumstances did not meet any of the exceptions in R.C. 4141.281(D)(9) for untimely appeals; estoppel did not apply against "Kristen," who was a state employee exercising a governmental function; and R.C. 2744.03
was inapplicable to the present case. Appellant appeals the judgment of the trial court, asserting the following two assignments of error: *Page 3 
 [I.] The determination to allow the Commission's April 19, 2007 Decision to stand was based on the lack of legal authority to substantiate the Appellant's argument. The Appellant argues that this issue represents a unique circumstance as pertains to the interpretation of Griffith vs J. C. Penney, questioning the availability of legal precedent and thereby negating the justification of requiring legal authority in this determination and constituting a reversible error.
 [II.] The determination allowed [sic] that relying on R.C. 2744.03 to hold Kristin, a representative of ODJFS, liable for her actions was not applicable in this case since no apparent damages were being sought. Kristin's actions directly prevented the Appellant from exercising her right to appeal, thus causing her to suffer loss of income. While not the lone subject of this action, Kristen is a part of the greater consideration of this case when applied to the appeal rights of the Appellant in that Kristin was the representative of ODJFS. The appeals are in themselves civil actions that the Appellant is bringing against the state to recover damages allegedly caused by a representative of the agency. The correction to the damages incurred by the Appellant is the recovery of her initial right to appeal.
 {¶ 4} We will address appellant's assignments of error together. Generally, appellant contends the trial court erred when it affirmed the decision of the commission finding that her appeal of the original denial of her unemployment compensation claim was untimely. If a trial court, upon appeal of a decision of the commission, finds that the commission's decision was "unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission." R.C. 4141.282(H). The same standard applies to an appellate court's review. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 697. This court is not to make factual findings or determine the credibility of witnesses. See id. We are to determine whether the commission's decision is supported by evidence *Page 4 
in the record and is otherwise reasonable and lawful. Kisker v. OhioDept. of Job Family Serv., Franklin App. No. 07AP-311, 2007-Ohio-5019, at ¶ 5.
 {¶ 5} Appellant does not contest that she failed to file an appeal of ODJFS's denial of unemployment benefits within 21 days of the decision, as required by R.C. 4141.281(B). She also does not claim that she falls within one of the exceptions delineated under R.C. 4141.281(D)(9). Rather, the sole issue before this court is whether appellant's untimely filing of her initial appeal of the denial of unemployment benefits should be excused based upon the theory of estoppel. Appellant contends ODJFS was precluded by the doctrine of estoppel from denying her appeal based upon the timeliness of her filing because the ODJFS caseworker, Kristen, directed her not to file an appeal and told her Kristen's office would resolve the issue.
 {¶ 6} Generally, estoppel does not apply against the state, its agencies, arms, and agents. Sun Refining Marketing Co. v. Brennan
(1987), 31 Ohio St.3d 306, 307; see, also, Hortman v. Miamisburg,110 Ohio St.3d 194, 2006-Ohio-4251, at ¶ 25 (estoppel is inapplicable against a political subdivision when the political subdivision is engaged in a governmental function). Persons seeking information from the government assume the risk that the agent of the government may be wrong. Gaston v. Bd. of Review (1983), 17 Ohio App.3d 12. Indeed, estoppel will not apply when a position taken by an administrative agency is contrary to express statutory law. Drake v. Med. College ofOhio (1997), 120 Ohio App.3d 493. In order to succeed on a claim of equitable estoppel, the party raising the defense bears the burden of demonstrating its applicability. MatchMaker Internatl., Inc. v.Long (1995), 100 Ohio App.3d 406, 408. *Page 5 
 {¶ 7} Here, in concluding that estoppel does not apply against a state or its agencies when in the exercise of a governmental function, and that Kristen's acts were an exercise of a governmental function, the trial court relied upon Griffith v. J.C. Penney Co. (1986),24 Ohio St.3d 112. In Griffith, the appellant applied for unemployment compensation, which the Ohio Bureau of Employment Services ("OBES") disallowed. The decision denying the benefits indicated that the appellant had 14 days to request reconsideration of the decision. The appellant spoke with an OBES employee and told the employee he wanted to appeal. The employee gave the appellant a blank request for reconsideration form, told him he could take the form home for a week to complete, and date-stamped the form for the current date, stating that this would "cover" him. The appellant's completed request for reconsideration form was received by OBES beyond the 14-day statutory period for filing such, and OBES dismissed the request. The dismissal was affirmed at all lower levels, and the Ohio Supreme Court reviewed the matter upon a motion to certify conflict.
 {¶ 8} The Ohio Supreme Court found that it had consistently refused to apply principles of estoppel against the state, its agencies, or its agents, under circumstances involving an exercise of governmental functions. Because the OBES notification form adequately informed the appellant of the time limit for filing his request for reconsideration, the court saw no reason to depart from precedent and apply the doctrine of equitable estoppel under the circumstances of the case.
 {¶ 9} Appellant claims that Griffith is inapplicable to the present case. Appellant attempts to distinguish Griffith by terming the employee's act in that case as "misinformation," while Kristen's act was a "specific directive." Although somewhat difficult *Page 6 
to understand, appellant seems to distinguish the two acts in that she was directly told what action to take, but in Griffith, the appellant was given an option to take an action based upon wrong information. However, we fail to find the alleged distinction is material to the underlying analysis necessary to resolve the present issue. What is germane to both the present case and Griffith is that a party detrimentally relied upon a statement made by a governmental employee while that employee was performing a governmental function for the governmental agency. In the present case, there can be no doubt that Kristen was performing a governmental function in advising appellant. The operation of a job and family services department is a governmental function. Cosby v. Franklin Cty. Dept. of Job Family Serv., Franklin App. No. 07AP-41, 2007-Ohio-6641. Kristen gave appellant the misinformation while performing her employment duties for the job and family services department. Insofar as both appellant in the present case and the appellant in Griffith relied upon a misrepresentation to their detriment made by an employee of the state in the performance of a governmental function, we find Griffith both applicable and controlling.
 {¶ 10} We also note that the Ohio Supreme Court in Griffith found significant that the OBES notification form adequately informed the appellant of the time limit for filing his request for reconsideration. Similarly, in the present case, the June 21, 2006 ODJFS determination adequately informed appellant of the time limit for filing an appeal. The determination indicated in italicized bold-faced print that "To be timely, your appeal must be received/postmarked no later than07/12/2006 (21 calendar days after the `Date Issued')." (Emphasis sic.) Thus, Griffith is also on point with the present circumstances in this respect. *Page 7 
 {¶ 11} Appellant asserts that R.C. 2744.03(A)(6) precludes the application of Griffith, as that statutory provision provides a government employee is no longer immune from liability when the employee's acts were outside the scope of employment or with malicious purpose, in bad faith, or in a wanton or reckless manner. However, the analysis in Griffith relies upon the prohibition against the application of estoppel as it relates to state employees, not the application of exceptions to the immunity of political subdivisions. Furthermore, R.C.2744.03 concerns only tort liability immunity for government employees, which is not at issue in the present case. Therefore, we find R.C.2744.03 does not act to limit Griffith and is otherwise inapplicable to the case sub judice. For these reasons, appellant's first and second assignments of error are overruled.
 {¶ 12} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1