[Cite as *Smoot v. Dir., Ohio Dept. of Job & Family Servs.*, 2018-Ohio-270.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.  105270

## LEMMIE L. SMOOT

PLAINTIFF-APPELLANT

vs.

## DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-864485

**BEFORE:**   Kilbane, J., E.A. Gallagher, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   January 25, 2018

**ATTORNEYS FOR APPELLANT**

Kenneth J. Kowalski
Doron M. Kalir
Civil Litigation Clinic
Cleveland-Marshall College of Law
2121 Euclid Avenue, LB 138
Cleveland, Ohio    44115


**ATTORNEYS FOR APPELLEES**

**For Director, Ohio Department of Job and Family Services**

Mike DeWine
Ohio Attorney General
BY: Laurence R. Snyder
Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio    44113

**For City of Cleveland**

Barbara A. Langhenry
Director of Law
BY:   Mark V. Webber
City of Cleveland
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio    44114

**For YMCA of Greater Cleveland**

Michele L. Jakubs
Zashin & Rich Co., L.P.A.
950 Main Avenue, 4th Floor
Cleveland, Ohio    44113-1901

**Also Listed**:

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Brad Meyer
Assistant Prosecuting Attorney
1200 Ontario Street, 9th Floor
Cleveland, Ohio    44113

MARY EILEEN KILBANE, J.:

{¶1} Appellant, Lemmie Smoot ("Smoot"), appeals the trial court's decision affirming the decision of the Unemployment Compensation Review Commission ("Review Commission"), which denied Smoot's claim for unemployment benefits. For the reasons set forth below, we reverse and remand.

{¶2} Smoot was employed as a housekeeper for the Greater Cleveland YMCA ("YMCA") for over 11 years, without any complaints or disciplinary actions. In December 2015, Smoot was discharged for conduct, the YMCA alleged, that violated its employee handbook. The conduct referred to by the YMCA results from a series of incidents with a certain YMCA member.

{¶3} According to Smoot, the first incident with the member occurred in December 2014. Smoot testified that the member approached her from behind and pushed her, causing her to fall into a Christmas tree. Smoot reported the incident to her supervisor, Chris Scheuer ("Scheuer"), who was the YMCA's manager. He told Smoot that he would get back to her, but she never heard from the YMCA regarding this incident, and management did nothing to address the member's conduct.

{¶4} The next incident occurred a month later in January 2015. Smoot asked the member to move her car from a no-parking zone so a member with physical disabilities would be able to enter the building and avoid the rain. In response to her request, the member started yelling, screaming, and pointing her finger at Smoot. Smoot reported this incident to Scheuer. The YMCA did nothing to address the

member's conduct.

{¶5} The third incident occurred a month later, in February 2015. The member ran into the building, screaming at Smoot about how there was a car parked outside where her car was parked last month and Smoot did not ask for that car to be moved. Smoot went to see whose car was outside and observed the maintenance man unloading supplies. The fourth incident occurred later that same day while Smoot was walking down the hallway. The member elbowed her as she walked by, saying "get out of my way."

{¶6} Smoot reported the incidents to Barbara Freeman in Human Resources ("HR"). Smoot also wrote a letter reflecting her displeasure with management's inaction to the repeated incidents with the member. Smoot also expressed her fear for her well-being in a letter to Scheuer.

{¶7} In response to Smoot's conversation with HR, HR stated the member was told that her behavior was unacceptable, and the YMCA would terminate her membership if such conduct continued. Smoot was to let management know if there were any other issues.

{¶8} The fifth incident occurred in July 2015. The member pushed Smoot out of the way and again Smoot notified Scheuer. The YMCA did nothing to address the member's conduct, despite HR's notice that another physical incident would result in the member's termination.

{¶9} The sixth and final incident occurred on December 3, 2015. Smoot

testified that she was leaving work early that day. She was talking to herself as she was walking. She said aloud, "I really busted my ass today." The member overheard this and accused Smoot of calling her an "ass." The member then became irate and screamed and pointed her finger at Smoot. The member went to the reception desk to complain. As the reception desk employee was escorting the member away, Smoot said to the member, "you need to stop." The member reached over, swung at Smoot, and hit her on the shoulder and neck. The member also put her finger on Smoot's jaw. Smoot then reached over and pushed the member back by her forehead. During this incident, Smoot also picked up a vacuum cleaner in an attempt to strike the member but then put the vacuum down.

{¶10} The YMCA terminated Smoot's employment the next day. The YMCA found that Smoot's conduct on December 3, 2015, violated the employee handbook's policy on the treatment of members. Smoot then filed an application for unemployment benefits. Smoot's application was denied by the Ohio Department of Job and Family Services ("ODJFS"). Smoot sought a redetermination that was also denied. Smoot appealed from this redetermination. The matter was then set before the Review Commission. A hearing was held before the hearing officer in March 2016. Following the hearing, the Review Commission denied Smoot's application, finding that Smoot was discharged for just cause. The hearing officer stated that Smoot's "own conduct placed her job in jeopardy, and was contrary to the [YMCA's] interests." Smoot sought a review of this determination. Her request was denied, and Smoot appealed to the

Cuyahoga County Common Pleas Court. The trial court affirmed the decision of the Review Commission, concluding that the Review Commission's finding that Smoot was terminated for just cause was not "unlawful, unreasonable, or against the manifest weight of the evidence."

{¶11} Smoot now appeals, raising the following single assignment of error for review.

### Assignment of Error

The decision of the Hearing Officer is erroneous in that it is unlawful, unreasonable, and against the manifest weight of the evidence.

{¶12} R.C. 4141.282(H) governs the standard of review for decisions made by the Review Commission that applies to all appellate courts. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 697, 653 N.E.2d 1207 (1995). The statute provides that the common pleas court shall reverse the Review Commission's decision only if it finds "that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). Appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, but they do have the duty to determine whether the Review Commission's decision is supported by the evidence in the record. *Tzangas* at 696, citing *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587 (1985); *see also Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031.

{¶13} In her sole assignment of error, Smoot argues that she was entitled to

receive unemployment benefits, and the Review Commission's decision is against the manifest weight of the evidence.

{¶14} In order to be eligible for unemployment compensation benefits, Smoot must satisfy the criteria in R.C. 4141.29(D)(2)(a), which provides that no individual may be paid benefits if the individual has been discharged for just cause in connection with the individual's work. Smoot has the burden of proving her entitlement to unemployment compensation benefits under R.C. 4141.29(D)(2)(a). *Irvine* at 17, citing *Shannon v. Bur. of Unemp. Comp.*, 155 Ohio St. 53, 97 N.E.2d 425 (1951); *Canton Malleable Iron Co. v. Green*, 75 Ohio App. 526, 62 N.E.2d 756 (5th Dist.1944); 54 Ohio Jurisprudence 2d, Unemployment Compensation, Section 35 (1962). Just cause has been defined as "'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Irvine* at 17, quoting *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975).

{¶15} Whether just cause exists is unique to the facts of each case. *Irvine* at 18. The factual questions are primarily within the province of the referee and the board, and this court has limited power of review. *Id.* It, therefore, follows that the lower court's judgment will be affirmed if the evidence supports the claim that Smoot was terminated through her own fault. *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 92965, 2010-Ohio-517, ¶ 38, citing *Milyo v. Bd. of Rev., Ohio Bur. of Emp. Servs.*, 8th Dist. Cuyahoga No. 60841, 1992 Ohio App. LEXIS 3921 (July 30, 1992).

**{¶16}** As stated above, our duty on appeal is to determine whether the Review Commission's decision is supported by the evidence in the record. Our review of the record, however, does not support the Review Commission's decision that:

> [Smoot's] own conduct placed her job in jeopardy, and was contrary to her employer's interests. [Smoot] argued that she was provoked. However, there was ample evidence that it was not self-defense. There was additional evidence that [Smoot] could have removed herself from the situation. As such, [Smoot] was sufficiently at fault to reasonably justify her discharge.

**{¶17}** Rather, the record demonstrates that Smoot was an 11-year employee at the YMCA without any disciplinary complaints in her file. Over the course of a year, Smoot was involved in several physical and verbal incidents with a certain YMCA member. Smoot advised the YMCA about these incidents. The YMCA indicated that the member's behavior would not be tolerated, and Smoot was to advise management if any other issues occurred. Smoot and the member did have another incident. Smoot advised the YMCA of the same, and the YMCA did nothing to address the member's conduct. Approximately five months later, Smoot and the member had the sixth and final incident that resulted in the termination of Smoot's employment. A YMCA employee attempted to escort the member outside when Smoot said to the member, "you need to stop." The member reached over, swung at Smoot, hitting her on the shoulder and neck. The member also put her finger on Smoot's jaw. Smoot then reached over and pushed the member back by her forehead. During this incident, Smoot also picked up a vacuum cleaner in an attempt to strike the member, but then decided to put the vacuum down. Tellingly, the YMCA discharged Smoot for a violation of its employee

handbook, which the YMCA never included in the record.

**{¶18}** Smoot gave the YMCA the opportunity to correct the problem with the member, and the YMCA neglected to do so. The YMCA's failure to act placed Smoot in a position where she was subjected to abusive conduct while waiting for her employer to respond. This isolated incident of Smoot's physical conduct with the member, when viewed with Smoot's good record of job performance, the circumstances prior to the altercation, and the lack of the employee handbook in the record, is insufficient evidence to support the Review Commission's determination that Smoot was terminated for just cause. Therefore, we find that the Review Commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence.

**{¶19}** Accordingly, the sole assignment of error is sustained.

**{¶20}** Judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, A.J., and
LARRY A. JONES, SR., J., CONCUR