[Cite as *Miller v. Ohio Dept. of Health, Vital Statistics*, 2021-Ohio-1901.]

| | |
|---|---|
| ROSANNA L. MILLER | Case No. 2020-00618PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF HEALTH, VITAL STATISTICS | |
| Respondent | |

{¶1} Respondent Ohio Department of Health, Vital Statistics (ODH) objects to a Special Master's Report and Recommendation. The Court overrules ODH's objections for reasons set forth below.

## I. Background

{¶2} On October 23, 2020, Requester Rosanna L. Miller brought a complaint against ODH, alleging that she had been denied access to public records in violation of R.C. 149.43(B). Miller included attachments with the complaint. The attachments show that, on April 20, 2020, Miller asked ODH to "run a report for all Cause of Deaths in Ohio coded as Covid-19 (U07.1)" and Miller included certain search criteria with her request.

{¶3} The Clerk of this Court appointed a special master who declined to refer the case to mediation. On March 23, 2021, the Special Master issued a Report and Recommendation (R&R). The Special Master stated in the R&R's conclusion:

> The evidence before the court demonstrates that respondent keeps multiple databases containing the records responsive to the request and that respondent can produce the requested data output using existing software. Respondent has not shown that the records, compiled from death certificates required to be disclosed in their entirety to any person,

become exempt from release as personal health information when aggregated in its databases.

> Accordingly, the special master recommends the court order respondent to provide requester with the requested records. It is further recommended the court order that requester is entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that she has incurred. It is recommended costs be assessed to respondent.

(R&R, 17.)

{¶4} On April 2, 2021, ODH filed written objections to the Special Master's R&R. In a certificate of service accompanying the objections, ODH's counsel certified that the objections were served on Miller by means of email and this Court electronic filing system. Miller has filed a response in opposition to ODH's objections. In a certificate of service accompanying the response, Miller certified that her response was served on ODH's counsel by means of email and this Court electronic filing system.

## II. Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} ODH has failed to send a copy of its objections to Miller by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). And Miller has failed send a copy of her response to ODH's counsel by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Thus, both ODH's objections and Miller's response are procedurally deficient. The Court nonetheless will consider the objections and response in the interest of justice.

{¶7} ODH contends in its objections that (1) it is not required to conduct an unique database query to compile a "customized dataset" in response to Miller's public-records request, (2) ODH's previous production of "customized datasets" is not justification for future disclosure as the principle of estoppel does not apply to the state, and (3) if ODH is required to compile "customized datasets" of death data in response to a public-records request, then R.C. 3701.17 is the mechanism through which ODH does not disclose protected health information.

{¶8} Notwithstanding ODH's objections, the Court finds that the Special Master identified the pertinent issues and reached the correct legal determination based on the ordinary application of statutory law and case law, as they existed at the time of the filing of the complaint. Generally, estoppel "does not apply against the state, its agencies, arms, and agents." *Mateer v. Dir., Ohio Dept. of Job & Family Servs.,* 10th Dist. Franklin No. 07AP-966, 2008-Ohio-1426, ¶ 6. Here, however, the principal issue concerns whether a request for reconfigured data using existing software constitutes an improper request for research. The Ohio Supreme Court has explained that "to constitute improper research, a record request must require the government agency to either search through voluminous documents for those that contain certain information or to create a new document by searching for and compiling information from existing records." *State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶ 22. In the Court's view, the evidence shows that ODH was not required to search through voluminous documents or create a new document by

searching for and compiling information from existing records to fulfill Miller's public-records request. Rather, ODH simply was required to use its existing software, input search criteria provided by Miller, and produce a report with information that was readily available.

{¶9} ODH asserts that, if it is required to compile customized datasets of death data in response to a public-records request, then R.C. 3701.17 is the mechanism through which ODH does not disclose protected health information. *See* R.C. 3701.17(A)(2) (defining the term "protected health information," as used in R.C. 3701.17). Pursuant to R.C. 3701.17(C), "Information that does not identify an individual is not protected health information and may be released in summary, statistical, or aggregate form. Information that is in a summary, statistical, or aggregate form and that does not identify an individual is a public record under [R.C. 149.43] and, upon request, shall be released by the director." *See* R.C. 3701.17(D) (generally requiring a disclaimer to accompany release of information). Thus, under R.C. 3701.17(C) so long as the report requested by Miller provides information in summary, statistical, or aggregate form, the report requested by Miller does not run afoul of R.C. 3701.17. Moreover, based on the Court's review of R.C. 3701.17, the statute does not provide that R.C. 3701.17 is sole the mechanism through which ODH does not disclose protected health information. Indeed, construing the Ohio Public Records Act, the Ohio Supreme Court has stated, "'R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials.'" *State ex rel. Office of Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 207, 2006-Ohio-662, 842 N.E.2d 508, ¶ 17, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994).

**III. Conclusion**

{¶10} The Court overrules ODH's objections.  The Court adopts the Special Master's Report and Recommendation.  The Court ORDERS ODH to forthwith provide Miller with the requested records in accordance with the Special Master's recommendation.  Miller is entitled recover from ODH the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Miller, but Miller is not entitled to recover attorney fees.  Court costs are assessed to ODH.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed May 4, 2021**
**Sent to S.C. Reporter 6/4/21**