SCHIENDA, APPELLANT, *v.* TRANSPORTATION RESEARCH CENTER ET AL., APPELLEES.

(No. 8-83-1—Decided June 13, 1984.)

*Mark S. O'Connor,* for appellant.
*Nicholas L. Gerren, Jr.,* for appellee administrator.

MILLER, P.J. This is an appeal by claimant-appellant, John R. Schienda, from a judgment of the Court of Common Pleas of Logan County determining

a decision of the Unemployment Compensation Board of Review to be lawful, reasonable and not against the manifest weight of the evidence and affirming the decision.

Appellant was discharged by his employer, Transportation Research Center, for a violation of Section 30 of "TRC Conduct Rule Violations and Penalties" which proscribes "Immoral conduct or indecency on TRC premises or during working hours."

The alleged violation was that appellant patted a female employee on her backside for which she filed a grievance with her employer.

Appellant's application for unemployment benefits was denied by the administrator on reconsideration based upon his discharge being for just cause.

The decision of the board of review from which the appeal was taken to the trial court and the administrator's decision on reconsideration was affirmed by a referee of the board of review and provided as pertinent:

"Issue(s): Reason for separation (discharge for just cause).

"Upon consideration thereof, and upon review of the entire record, the Board concludes that said application to institute further appeal should be disallowed.

"DECISION:

"Said application to institute a further appeal is hereby disallowed."

Appellant filed his notice of appeal to the Court of Common Pleas of Logan County asserting that the decision of the board of review was unlawful, unreasonable and against the manifest weight of the evidence.

The transcript of the record of the proceedings before the board of review pertaining to the decision complained of was filed in the court of common pleas on June 17, 1982.

On June 22, 1982, appellant's counsel directed a request to the assignment commissioner of the court of common pleas that the matter be assigned for oral argument.

On June 25, 1982, the assignment commissioner informed appellant's counsel by letter that the judge of that court considered the matter submitted on the record certified by the board of review without further oral hearing.

On December 6, 1982, the common pleas court entered its order that appellant file his assignments of error by December 16, 1982, and that the appeal would be considered submitted thereafter upon the record certified by the board.

On December 16, 1982, appellant filed his assignment of error "that the decision of the referee, sustained by the board of review, is against the manifest weight of the evidence," together with a statement of facts.

On December 20, 1982, the court of common pleas entered its judgment providing in pertinent part as follows:

"The Court has reviewed the certified transcript of the record of the proceedings filed herein on June 17, 1982, and considered the evidence as it was presented to the agency. In reviewing the same, the Court is not to substitute its judgment for that of the Board of Review.

"Upon due consideration of the record, the Court finds that the Appellant admitted to patting a female employee 'on the backside' as they were going through a doorway. The Conduct Rule Violations and Penalties of the employer Rule 30 provided that immoral conduct or indecency on the premises was punishable by one day suspension to discharge. Policy and Procedure No. 67 provided that sexual harassment would not be condoned and defined sexual harassment to include sexual contact of any nature, which is not freely and mutually agreeable to both parties. While Appellant claims that there was no sexual intention in his little clowning gesture, the recipient of it commented to

her boyfriend and mother and made a follow-up complaint to the management. * * *.

"The Court finds that the May 7, 1982, decision was lawful, reasonable and not against the manifest weight of the evidence; and the same is hereby affirmed. Costs from deposit."

Appellant appeals from said judgment setting forth three assignments of error.

Assignment of error number one:

"The Court by its decision of December 20, 1982, erred in affirming the ruling of the Board of Review; claimant was terminated under employer's rules of conduct. The Board of Review did not find the same rule to have been violated, but instead found claimant assaulted a fellow employee. Under employer's rules, termination would not have been the penalty for assault. Therefore, the Board's decision was unreasonable and unlawful and the Court's decision to the contrary was in error."

Assignment of error number two:

"The Reviewing Court erred by making an implicit finding from the record which was not made by the Board and the Court did not examine the finding of Board concerning an assault."

The above assignments of error are based upon supposed inconsistency of allegations of sexual harassment as a basis for discharge with later findings of assault contained in the referee's decision as the basis for denial of unemployment benefits.

Although a copy of the removal order given appellant is not in the record before us, there are references in the transcript that appellant was dismissed for "sexual harassment of another employee" and "sexual harassment which is in violation of TRC Conduct Rule #30[,] 'Immoral Conduct or Indecency on TRC Premises or During Work Hours.'"

Subsequent to hearing herein before the referee for the board, the referee determined that:

"A careful review of the record discloses that without provocation, claimant assaulted a fellow employee. Although the incident seemed minor to the claimant, plainly, it was not minor to the employee involved. Claimant's behavior was inexcusable. It must be found therefore, that claimant was discharged for just cause in connection with work. The Administrator properly imposed the suspension of benefit rights set forth in Section 4141.29(D)(2)(a), Revised Code of Ohio."

"Sexual harassment" is identified in the Policy and Procedure Manual of April 13, 1981 of the Transportation Research Center, as:

"2. Sexual contact of any nature which is not freely and mutually agreeable to both parties."

While appellant contends that the Practice and Procedure Manual should be read and construed in light of Section 703 of Title VII of the Civil Rights Act of 1964, we conclude that the discharge here was not made as a denial of equal employment based on sex or sexual harassment by anyone authorized to effectively recommend personnel actions affecting employees as set forth in that Act, but in its connotation as sexual contact not mutually agreeable to both parties, and, thus, immoral or indecent conduct as charged.

Likewise, the term "assault," in a strict legal sense, as argued by appellant, imports the putting in fear of the person assaulted, but in its broader sense imports an indecent attack or overture. Webster's Third New International Dictionary (1981).

It has been determined that "just cause" for discharge need not reach the level of misconduct, but there must be some fault on the part of the employee. *Peyton* v. *Sun T.V.* (1975), 44 Ohio App. 2d 10 [73 O.O.2d 8]; *Angelkovski* v.

*Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159.

We conclude that the first and second assignments of error are not well-taken.

Assignment of error number three:

"The Court of Common Pleas erred in not providing an oral argument as part of its review of the Board's decision."

R.C. 4141.28(O) provides for appeals from decisions of the board of review and provides in pertinent part:

"* * * The board upon receipt of the notice of appeal shall within thirty days file with the clerk a certified transcript of the record of the proceedings before the board pertaining to the decision complained of, and mail a copy of the transcript to the appellant's attorney or to the appellant if not represented by counsel. The appellant shall file a statement of the assignments of error presented for review within sixty days of the filing of the notice of appeal with the court. The appeal shall be heard upon such record certified by the board. * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

That section confers appellate jurisdiction on the court of common pleas and specifically provides that appeals thereunder shall be heard upon the record certified by the board for a determination as to whether the decision was unlawful, unreasonable, or against the manifest weight of the evidence.

We find no mandatory requirement that an appellant be extended the right to oral argument in the appellate process under R.C. 4141.28(O), nor do we infer any such right so long as appellant has not been refused written argument. Due process dictates a right to be heard and an opportunity to be heard either orally or in writing. However, there is no showing here that appellant was denied written argument and no showing that appellant was prejudiced by being denied oral argument. We find no error prejudicial to appellant in the action taken by the trial court.

The third assignment of error is not well-taken.

Finding no error prejudicial to appellant as assigned and argued, we affirm the judgment of the court of common pleas.

*Judgment affirmed.*

GUERNSEY and COLE, JJ., concur.