GRIFFITH, APPELLANT, *v.* J.C. PENNEY CO., INC. ET AL.; ADMINISTRATOR, OHIO BUREAU OF EMP. SERV., APPELLEE.

[Cite as Griffith *v.* J.C. Penney Co. (1986), 24 Ohio St. 3d 112.]

(No. 85-1806—Decided June 18, 1986.)

*Sue Livensparger, Legal Aid Society of Columbus, Thomas W. Weeks* and *Ohio State Legal Services Assn.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick A. Devine,* for appellee Administrator.

*Lackey, Nusbaum, Harris, Reny & Torzewski, Gerald Lackey, Richard W. McHugh* and *Jordan Rossen,* urging reversal for *amicus curiae,* International Union, U. A. W.

*Carolyn L. Carter* and *Anita Myerson,* urging reversal for *amicus curiae,* Cleveland Council of Unemployed Workers.

*Robert M. Clyde,* urging reversal for *amicus curiae,* United Steelworkers of America, Local 1418.

*Per Curiam.* R.C. 4141.28(G)(1) provides claimants with the right to request reconsideration of the denial of an application for unemployment benefits. A request for reconsideration must be filed within fourteen days after the notice of the denial was mailed. R.C. 4141.28(G)(1). Absent this statute, no such right of appeal would exist. See *Ford* v. *Indus. Comm.* (1945), 145 Ohio St. 1, 4 [30 O.O. 236]. This court has consistently held that when a statute confers a right of appeal, the appeal can only be perfected in the manner prescribed by that statute. See *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277, 279 [18 O.O.3d 463]; *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187, 188 [18 O.O.3d 405]; *Zier* v. *Bur. of Unemployment Comp.* (1949), 151 Ohio St. 123, 125 [38 O.O. 573].

Griffith's appearance at the OBES office within the statutory time period for requesting reconsideration did not satisfy the requirement in R.C. 4141.28(G)(1) that a written request be timely filed. Because his completed form was not received by OBES until twenty-one days after the time limit, Griffith did not comply with the statute.

Griffith argues, however, that his right to appeal is nevertheless protected by equitable principles of estoppel. This argument is based on his testimony that the OBES employee date-stamped his form and told him that this would "cover" him. We reject Griffith's argument. This court has previously refused to apply principles of estoppel against the state, its agencies or its agents, under circumstances involving an exercise of governmental functions. See *Chevalier* v. *Brown* (1985), 17 Ohio St. 3d 61, 63; *Besl Corp.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 146, 150 [74 O.O.2d 262]; *State, ex rel. Svete,* v. *Bd. of Elections* (1965), 4 Ohio St. 2d 16, 18 [33 O.O.2d 139]. See, also, *Schweiker* v. *Hansen* (1981), 450 U.S. 785, rehearing denied (1981), 451 U.S. 1032. The OBES notification form adequately informed Griffith of the time limit for filing his request for recon-

sideration. We see no reason to depart from precedent and apply the doctrine of equitable estoppel under the circumstances of this case.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

C. BROWN and DOUGLAS, JJ., dissent.