### United Home Federal
v.
### Bureau of Employment Services
*[Cite as 7 AOA 225]*

*Case No. L-89-402*
*Lucas County, (6th)*
*Decided September 07, 1990*

*Anthony J. Celebrezze, Jr., Attorney General, and Patrick K. Wilson, for Appellant.*

This cause is on appeal from a judgment of the Lucas County Court of Common Pleas in which the court reversed and vacated the decision of the Ohio Unemployment Compensation Board of Review, finding it unreasonable.

The facts of this case are as follows. On September 4, 1987, appellee, United Home Federal ("United"), fired claimant Leslie J. Linear on the ground that he had converted bank funds to his own use. Linear was subsequently found to have been discharged for just cause and was denied unemployment compensation benefits. Thereafter, Linear worked for several other employers including P.T. Sledge & Sons, Inc. ("Sledge"). On October 27, 1988, however, he was terminated from Sledge for lack of work.

On October 31, 1988, Linear filed an application for determination of unemployment compensation benefits with appellant, Ohio Bureau of Employment Services ("OBES"). The OBES notified Linear on November 15, 1988, that his application had been denied because he did not have a sufficient number of qualifying weeks of covered employment. Linear then filed a request for reconsideration of the denial, and on December 22, 1988, the administrator of the OBES granted the request for reconsideration. The administrator's decision is entitled "Administrator's Reconsideration Decision," and reads in pertinent part:

"The determination dated November 15, 1988, is hereby amended. Claimant's application filed October 31, 1988, is allowed, with a benefit year beginning date of October 30, 1988, a weekly benefit amount of $101.00 based on dependency class "A" and total benefits payable of $2626.00.

"Amount of benefits chargeable to base period employers is shown below. This amount is computed on the basis of qualifying weeks

and wages. *A decision allowing the application does not mean the claimant will receive benefits.* There will be a separate determination on eligibility for benefits, which may or may not be in favor of the claimant.

| Employer | "Amount Chargeable: | Proportion Charge: |
|---|---|---|
| P.T. Sledge & Sons, Inc. | $1380.27 | 052.5614% |
| Retail Grocery Inventory Service | $58.60 | 002.2314% |
| Toledo Board of Education | $404.95 | 015.4207% |
| United Home Federal | $782.18 | 029.7865%" |

(Emphasis added)

Moreover, at the bottom of the decision, the following language appeared:

"APPEAL RIGHTS: *** TO BE CONSIDERED TIMELY, YOUR APPEAL MUST BE FILED IN PERSON OR POSTMARKED NO LATER THAN FOURTEEN CALENDAR DAYS AFTER THE DATE ENTERED IN ITEM 5 ON THIS FORM."

On item five on the form, the date December 22, 1988 was entered as the date the decision was mailed.

United received the decision on December 23, 1988; however, it did not file an appeal. Subsequently, at some point in January, United received a statement dated January 13, 1989, from the OBES stating that United's account bad been charged an amount reflecting its pro-rata share of unemployment benefits payable to Linear.

On January 19, 1989, United filed an appeal of the administrator's reconsideration decision with the Unemployment Compensation Board of Review ("Board"). On February 14, 1989, the Board found that the appeal had not been timely filed and therefore dismissed it on the ground that the Board lacked subject matter jurisdiction.

United then filed an application with the Board to institute further appeal; however, the Board disallowed the application and affirmed the referee's decision on March 16, 1989. Thereafter, United filed an appeal with the Lucas County Court of Common Pleas, pursuant to R.C. 4141.28(O). That court found the Board's decision unreasonable and reversed and vacated it. The court held that because Linear's eligibil-

ity for benefits was not determined until January 13, 1989, the date of the notice that United's account had been charged, that was the date from which the fourteen day time period for appeal ran under R.C. 4141.28(H). Thus, the court held, because United instituted its appeal on January 19, 1989, the appeal was timely. The trial court found that the Board's determination was unreasonable because the administrator's reconsideration decision only resolved Linear's right to benefits, not eligibility of those benefits.

It is from the Lucas County Court of Common Pleas decision of November 24, 1989, that OBES has timely filed the instant appeal, asserting the following as error:

"1. THE COURT OF COMMON PLEAS ERRED IN HOLDING THAT THE 14-DAY APPEAL PERIOD SET FORTH IN R.C. 4141.28(H) COMMENCED ON JANUARY 13, 1989.

"2. THE COURT OF COMMON PLEAS ERRED IN RULING THAT THE ADMINISTRATOR'S 'STATEMENT OF BENEFITS CHARGED' IS AN APPEALABLE ORDER."

Because appellant's assignments of error are interrelated, we will address them together. Essentially, appellant contends that the trial court erroneously applied R.C. 4141.28(H). We agree.

In January 1989, R.C. 4141.28(H) read as follows:

"Any interested party may appeal the *administrator's decision on reconsideration* to the board and unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after such decision was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith." (Emphasis added.)[1]

Under this section, one *must* file an appeal within fourteen days of the administrator's reconsideration decision in order to preserve one's rights to challenge that decision. In upholding the constitutionality of R.C. 4141.28(H), the Supreme Court of Ohio has held that "*** where a statute confers a right to appeal *** strict adherence to the statutory conditions is essential for the enjoyment of the right to appeal." *Holmes v. Union Gospel Press* (1980),

64 Ohio St. 2d 187, 188, citing *American Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147; see, also, *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St. 3d 112.

In the case before us, the administrator's decision of December 22, 1988, was clearly marked "Administrator's Reconsideration Decision," thereby bringing it within the confines of R.C. 4141.28(H). Moreover, although the decision stated that it did not mean the claimant would receive benefits, it did go so far as to calculate the exact amount and percentage for which United may be liable. United was therefore put on notice that it may be liable for a portion of Linear's unemployment compensation benefits. In order to challenge the actual administrator's reconsideration decision, United was required to file its appeal within fourteen days of December 22, 1988. This United failed to do. Thus, under the terms of R.C. 4141.28(H), the decision became final.

The trial court held that January 13, 1989, was the date from which United's appeal rights under R.C. 4141.28(H) began to run. This was in error. When United received the notice, dated January 13, 1989, that it was required to pay part of Linear's unemployment compensation benefits, this was not an administrator's reconsideration decision but rather a notice of benefits charged to United's account. Thus, R.C. 4141.24(D) (2), not R.C. 4141.28(H) was controlling.

R.C. 4141.24(D) (2) reads in pertinent part:

"The administrator shall notify each employer at least once each month of the benefits charged to his account since the last preceding notice *** . Such notice will show a summary of the amount of benefits paid which were charged to the employer's account. This notice shall not be deemed a determination of the claimant's eligibility for benefits. *Any employer so notified, may, however, within fifteen days after the mailing date of the notice, file an exception to charges appearing on the notice on the grounds that such charges are not in accordance with this section.* The administrator shall promptly examine the exception to such charges and shall notify the employer of his decision thereon which decision shall become final unless appealed to the board of review in the manner provided in section 4141.26 of the Revised Code. *** " (Emphasis added.)

The trial court, therefore, erroneously applied the R.C. 4141.28(H) procedures to a R.C. 4141.24(D) (2) statement. In so doing, the trial court found that the R.C. 4141.24(D) (2) statement was an order appeal-able to the Board of Review. Under the express language of the statute, clearly it is not.

R.C. 4141.24(D) (2) provided United with a means to challenge the charge to its account. Had United filed an *exception* to the charges with the *administrator of the OBES*, it is quite likely that the charges would have been erased, given the previous determination that Linear had been fired from United for just cause. United failed to follow this procedure.

Accordingly, we find that the lower court erred in ruling that the decision of the Board was unreasonable. Thus, we find appellant's assignments of error well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. It is ordered that the appellee pay the court costs of this appeal.

GLASSER, J., and RESNICK, J., concur.

ABOOD, J., concurs in judgment only.

---

[1] The amended version-of R.C. 4141.28(H), now in effect, provides for a twenty-one day period within which to appeal.