OPINION
Appellant Janet C. Hostetler appeals the April 17, 1996 Judgment Entry of the Richland County Court of Common Pleas which affirmed the decision of the Board of Review of the Ohio Bureau of Employment Services. Appellees are the Administrator, Ohio Bureau of Employment Services, et al. (hereinafter "appellee").
 STATEMENT OF THE CASE
Appellant applied for and received unemployment compensation for two (2) separate time periods. Following receipt of information from appellant's physician that appellant was unable to work during the benefit periods, appellee issued two (2) Determinations of Benefits decisions on August 11, 1994, declaring appellant ineligible for benefits and ordering her to repay $3,680 for the benefit period weeks ending March 27, 1993 through September 4, 1993, and to repay $5,928 for the benefit period weeks ending September 25, 1993 through April 2, 1994.
The Determination of Benefits decisions clearly state in bold print that any request for reconsideration must be filed within twenty-one days of the decisions' mailing. Appellant received the two decisions on August 13, 1994, and acknowledged an awareness of the twenty-one day appeal period time limit.
Upon receipt of the decisions, appellant forwarded them to her attorney, John R. Allen, asking him what she should do. Attorney Allen represented appellant in her workers' compensation claim. Appellant assumed Attorney Allen would handle the Determination of Benefits decisions. However, Attorney Allen took no action until October 20, 1994, when he sent appellee a letter contesting the decisions.
On November 4, 1994, Attorney Allen wrote appellant advising her she should pursue an appeal for herself since his office typically did not involve itself in representation of unemployment compensation appeals. Thereafter, appellant filed a request for reconsideration on November 14, 1994. Said request was dismissed by appellee on February 27, 1995, as being untimely filed. Appellant appealed that dismissal to the Board of Review on March 2, 1995.
A hearing was held on April 4, 1995 by a hearing officer for the Board of Review. On April 10, 1995, the hearing officer dismissed appellant's request for reconsideration as untimely filed regarding both repayment orders. Appellant filed an Application to Institute a Further Appeal of the hearing officer's decision to the full Board of Review. Said application was denied on June 22, 1995.
On July 21, 1995, appellant filed an appeal from the decision to the Board of Review to the Richland County Court of Common Pleas. Upon review of the transcript and the briefs of the parties, a magistrate of the trial court affirmed the decision of the Board of Review. The magistrate's decision was adopted by the trial court via Judgment Entry filed April 17, 1996. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 I. THE COMMON PLEAS COURT ERRED IN FAILING TO CONSIDER WHETHER THE DECISION OF THE HEARING OFFICER, REFEREE AND BOARD OF REVIEW TO DISALLOW APPELLANT'S FURTHER APPEAL WAS REASONABLE UNDER THE FACTS AS REQUIRED BY O.R.C. 4141.28(O)(1).
 II. THE COMMON PLEAS COURT ERRED IN AFFIRMING THE DECISION OF THE HEARING OFFICER, REFEREE AND THE BOARD OF REVIEW DISALLOWING APPELLANTS' FURTHER APPEAL BECAUSE THOSE DECISIONS WERE UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE COMMON PLEAS COURT ERRED BY FAILING TO RECONSIDER THE DECISION OF THE OBES REQUIRING APPELLANT TO REPAY BENEFITS SHE RECEIVED.
 IV. THE COMMON PLEAS COURT ERRED BY FAILING TO RECONSIDER THE OBES DECISION REQUIRING APPELLANT TO REPAY BENEFITS SHE RECEIVED BECAUSE THE ALLEGED OVERPAYMENT, IF ANY, WAS WITHOUT FAULT OF APPELLANT AND REPAYMENT WOULD BE CONTRARY TO EQUITY AND GOOD CONSCIENCE.
 I II
Since both these assignments of error address the same issue, we will address them together.
Appellate courts may reverse a decision of the Board of Review for the Ohio Bureau of Employment Services if it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas Plakas and Mannos v. Ohio Bureau of EmploymentServ. (1995), 73 Ohio St.3d 694.
The Ohio Supreme Court has held that where a statute confers a right of appeal, the appeal can only be perfected in the manner prescribed by the statute. Griffith v. JC Penney Co. (1986),24 Ohio St.3d 112.
Appellant's argument as presented herein is similar to that often made in support of a motion for relief from judgment, i.e., excusable neglect for failure to timely file an answer. In contrast to the failure to file a responsive pleading, the failure to file a timely notice of appeal is jurisdictional. As such, we find it is not subject to concepts of excusable neglect or reasonableness for failure to do so. We do not find the standard of review enunciated supra of "reasonableness" applies in determining whether appellant meets the prerequisites for initiating her appeal.
We agree with the sentiment expressed by the magistrate when considering the facts of the case sub judice that "unfortunately, the rules [sic] applies irrespective of considerations of equity or reasonableness." (Magistrate's Decision filed March 21, 1996).
Accordingly, we overruled appellant's first two assignments of error.
 III IV
Given our disposition of appellant's first two assignments of error, any discussion of these two assignments of error is moot.
The judgment of the Richland County Court of Common Pleas is affirmed.
By: dHoffman, P.J., Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 96-CA40-2
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.