Appellant Patrick Hannan appeals the trial court's decision affirming the Ohio Unemployment Compensation Review Commission's denial of his request for reconsideration of his employment benefits. It appears from the record, appellant filed his request for reconsideration fourteen months after the statutory due date. The Commission determined appellant had not provided a just cause for this delay, and ruled his request untimely. Appellant prosecutes this appeal pro se and entirely written by hand. He assigns eight errors for our review.[1] Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On February 7, 1996, Patrick Hannan quit his job with Georgia Pacific citing "burnout" as his reason. He filed for unemployment benefits on March 12, 1996. On April 9, 1996, the Ohio Bureau of Employment Services (OBES) found he had quit his job without just cause and disallowed his claim. He did not appeal this original denial of his claim. After this original application, he filed another application for benefits. OBES sent him a benefits notice, which he also appealed challenging the amount of his benefit. Sometime during that appeal process, he learned that the original determinations have impact on future determinations when benefit claims overlap. OBES informed him that he had essentially waived his right to appeal the benefit amount because he had not appealed the findings reached on his original application. On July 1, 1997, he mailed a request to OBES for reconsideration of its denial of his original claim. He stated as an excuse for the delay that he did not understand the filing requirements or their ramifications. On September 4, 1997, the Administrator dismissed his request, finding Hannan had failed to file for reconsideration timely. Moreover, he found that Hannan had no just cause for filing late.
On September 18, 1997, Hannan appealed the Administrator's dismissal to the OBES Board of Review, which held a hearing on October 17, 1997. Hannan appeared by telephone. The Board of Review issued a determination affirming the Administrator's decision finding Hannan's request untimely.
On October 27, 1997, Hannan filed an application to appeal the Board of Review's decision with the Ohio Unemployment Review Commission. The Commission disallowed the appeal on December 17, 1997. On December 31, 1997, he appealed the Commission's decision to the Common Pleas Court for Cuyahoga County. The court affirmed the decision of the Commission. He now appeals to this court.
We will review Hannan's assigned errors in two categories: the Commission's refusal to accept his reason for a delayed appeal and his due process argument.
R.C. 4141.28(G)(1) requires that a party must file a reconsideration request within twenty-one (21) days of notice of the original decision. R.C. 4141.28(I)(2) states "the appeal must be filed within the specified period in order to be considered timely filed." Ohio Adm. Code 4146-13-01 deems an appeal, or application to institute further appeal, to be filed on the postmarked date when the filing is by mail. R.C. 4141.28(O) requires a Common Pleas court to uphold the decision of the Board of Review unless the decision is "unlawful, unreasonable, or against the manifest weight of the evidence." Simon v. LakeGeauga Printing Co. (1982), 69 Ohio St.2d 41, 45. The Board of Review does not have the discretion to grant an exception to the regulations of its agency. "[A]n agency is required to comply with the substantive requirements of its own regulations." Brooksv. Ohio Bd. of Embalmers Funeral Directors (1990), 69 Ohio App.3d 568,573. The agency's dismissal of an application due to a party's failure to timely file, has been deemed to be the proper basis for refusal to consider an appeal. Micro Lapping Grinding Co. v. Unemployment Compensation Bd. of Review (1984),20 Ohio App.3d 356, 358, citing McCruter v. Bd. of Review (1980),64 Ohio St.2d 277.
Hannan failed to file his reconsideration within twenty-one days of the Administrator's denial of his claim for benefits. He did not seek reconsideration for almost a full fourteen months later. R.C. 4141.28(Q)(2)[2] provides when the time for filing an appeal will be extended. Hannan does not claim that he fit any of the statutory justifications for a delayed appeal. Instead, he asserts that applying the filing limitations in his case would be contrary to the purpose of the statute. He argues the statute is to be interpreted liberally and cites the statute's remedial purpose.
Yet, this court cannot avoid the rule that "a notice of appeal that is untimely filed renders the Board without jurisdiction to entertain any attempted appeal." Daniel DiSalvo v. Board ofReview (December 24, 1992), Franklin App. No. 92AP-1206, unreported, 3, citing Knoll v. Dudley (1969), 20 Ohio App.2d 339, 34; Riverdale Bd. of Educ. v. Grimm (1977), 55 Ohio App.2d 5, 7;Blanchard v. Bureau of Unemployment Compensation (1968), 14 Ohio Misc. 181,182. The language of the statute is explicit. DiSalvo,supra. The reasons for Hannan's untimely filing do not provide this court with a statutorily prescribed method of allowing his appeal. Consequently, those assigned errors that raise the delayed appeal issues are overruled.
We turn now to those assigned errors that raise the due process issues. "Due process dictates a right to be heard and an opportunity to be heard orally or in writing." Schienda v.Transportation Research Center (1984), 17 Ohio App.3d 119, 122. Hannan's right to be heard was secured by the statute which established the procedures to appeal the decision. Griffith v. J.C. Penny Co., Inc. (1986), 24 Ohio St.3d 112, 113. The Ohio Supreme Court "has consistently held that when a statute confers a right of appeal, the appeal can only be perfected in a manner perfected by statute." Id.
The procedure for appealing a determination for any reason is clearly explained at the bottom of the Determination of Benefits notification, which Hannan received. It states, in pertinent part:
 If you think this determination is incorrect as to fact or law, or if you have additional facts which might affect the termination, you may file a request for reconsideration in person at any bureau office. You will be given assistance in preparing the written request. If you desire, you may write directly to the local office in which the claim is filed. * * * To be considered timely, your request must be filed in person or postmarked no later than twenty-one calendar days after the date entered in the "Date Mailed" above.
The Ohio Supreme Court has determined this notification is adequate notice of the time limitations for filing a request for reconsideration. Griffith, supra. When Hannan failed to file his appeal on time, he failed to invoke his procedural due process rights. He also lost his opportunity to complain of errors in the findings of ODES.
Moreover, the trial court could not use principals of equity to grant him more due process protection than given by the statute. The Ohio Supreme Court "has refused to apply principals of equitable estoppel against the state, its agencies or its agents, under circumstances involving an exercise of governmental functions." Griffith at 113-114. Therefore, his reliance, even on "misinformation" from ODES, did not excuse his failure to properly invoke his right to appeal. Id. at 113. Consequently, his assigned errors concerning due process are also overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., and KILBANE, J., CONCUR.
 _______________________ PATRICIA ANN BLACKMON JUDGE
[1] See Appendix.
[2] The time for filing an appeal, a request for review, or a court appeal under this section shall be extended as follows: (1) When the last day of an appeal period is a Saturday, Sunday, or legal holiday, the appeal period is extended to the next work day after the Saturday, Sunday, or legal holiday; or (2) When an interested party provides certified medical evidence stating that the interested party's physical condition or mental capacity prevented the interested party from filing an appeal or request for review pursuant to division (G), (H), or (L) of this section within the appropriate twenty-one-day period, the appeal period is extended to twenty-one days after the end of the physical or mental condition and the appeal, or request for review is considered timely filed if filed within that extended period. (3) When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive the determination or decision within the application appeal period pursuant to division (G), (H), or (L) of this section, and the administrator or the commission finds that the interested party did not actually receive the determination or decision within the applicable appeal period, then the appeal period is extended to twenty-one days after the interested party actually receives the determination or decision. (4) When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive a decision within the thirty-day appeal period provided in division(O)(1) of this section, and a court of common pleas finds that the interested party did not actually receive the decision within that thirty-day appeal period, then the appeal period is extended to thirty days after the interested party actually receives the decision.
 APPENDIX
ASSIGNMENTS OF ERROR
 A. BUNDY, ASST. ATTY GENERAL, STATE OF OHIO — THERE IS NO GOOD CAUSE FOR A LATE APPEAL. [sic]
 B. BUNDY HAVING QUESTIONABLE LEGAL JUDGMENT. [sic]
 C. BUNDY STATING THAT TIMELINESS IS THE SOLE ISSUE TO BE CONSIDERED. [sic]
 D. BUNDY — TIMELINESS VOIDS ANY SENSE OF VALIDITY. [sic]
 D2. BUNDY — JUDGMENT WITHOUT DUE PROCESS. [sic]
 E. BUNDY — THE ONLY REAL EVIDENCE TO BE CONSIDERED IS OF LEGAL GOOD CAUSE. [sic]
 F. MS. BUNDY — TECHNICALITIES OUTWEIGH CONSIDERATION OF GOOD/JUST CAUSE [sic]
 G. MS. BUNDY — CONTRADICTS THE PURPOSE OF THE UNEMPLOYMENT COMPENSATION ACT. [sic]