{¶ 48} For the reasons stated below, I respectfully dissent.
 {¶ 49} "Just cause" has been defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemployment Comp. Bd. (1985),19 Ohio St.3d 15, 17, quoting Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10,12. Just cause must be determined on a case-by-case basis upon the particular merits of each situation. Irvine, supra.
 {¶ 50} With respect to unemployment benefits eligibility, an employee is considered to have been discharged for just cause when "the employee, by his actions, demonstrated an unreasonable disregard for this claimant's best interests." Kiikka v. Ohio Bur. Of Emp. Serv. (1985),21 Ohio App.3d 168. The conduct need not constitute misconduct, but there must be a showing of some fault on the part of the employee. Sellers v.Bd. of Review (1981), 1 Ohio App.3d 161; Schienda v. Transp. ResearchCtr. (1984), 17 Ohio App.3d 119. If an employer has been reasonable in finding fault on behalf of an employee, the employer may terminate the employee with just cause. Tzangas, Plakas Manos v. Admr., OhioBur. Emp. Services, 73 Ohio St.3d 694, 1995-Ohio-206, at 698. Violation of a company rule may constitute just cause for discharge. Shaffer v.Am. Sickle Cell Anemia Assoc. (June 12, 1986), 8th Dist. No. 50127, 1986 Ohio App. LEXIS 7116. A discharge for violation of a company rule relating to excessive garnishments can constitute a discharge for just cause in connection with work that precludes the receipt of unemployment compensation. Brownlee v. Bd. of Rev. (June 26, 1975), 8th Dist. No. 34070, 1975 Ohio App. LEXIS 6942.
 {¶ 51} In the present case, claimant's discharge for violation of a provision in his union contract regarding garnishment of an employee's wages is a discharge for just cause in connection with work and thus precludes his receipt of benefits. The facts in this case are not in dispute. Claimant received three garnishments on three separate debts within a twelve-month period. Claimant's employer has a labor-management agreement between the company and claimant's union which provides that if an employee has more than two garnishments within any twelve-month period, the employee would be subject to immediate discharge. In spite of the written provision in the labor contract, the employer's past practice is to consider any garnishments from the same debtor as only one garnishment. Claimant's garnishments were from three separate debtors, so he did not come under that exception.
 {¶ 52} Violation of company policy can be just cause for discharge. The policy must be fair and fairly applied. Fairness of a policy concerns whether the employee received notice of the policy, whether it could be understood by the average person and whether there was a rational basis for the policy. Shaffer, supra, at 5. The employer provided copies of the contract to all the employees. It is apparent that the garnishment provision could be easily understood. There is a rational basis for the policy — repeated garnishments are an inconvenience and time consuming to accounting personnel. As for whether the policy was fairly applied, there was no evidence presented that other employees were treated differently. Every employee with three separate creditor attachments was terminated.
 {¶ 53} In Brownlee, the Eighth District Court of Appeals held that an employee's discharge from his employment based upon excessive garnishments in violation of a company rule constitutes a discharge for just cause in connection with work, pursuant to R.C. 4141.29. In that case, the employer had a rule that provided for immediate discharge of an employee who had wage attachments in excess of two in six months. This was a stricter policy than in the instant case which provided for discharge for more than two attachments in twelve months. In that case, the appeals court affirmed the denial of benefits for the discharge.
 {¶ 54} In this case, the lower court ruled that the employer's garnishment policy was "irrational and unfair" and that appellant's violation could not be for just cause in connection with work. That ruling is incorrect. The policy was a bargained-for provision in the labor-management contract and had a legitimate and rational business purpose. The fact that the employer benefited the employees by relaxing the stated garnishment rule and allowing multiple garnishments from one creditor to be treated as one did not cause the policy to be "unfairly" applied to claimant when it was applied as written in the contract. All employees with same creditor garnishments were treated fairly.
 {¶ 55} The lower court, citing Harp v. Admr., Bur. Of UnemploymentComp. (1967), 41 O.O.2d 25, 12 Ohio Misc. 34, also stated that claimant's garnishments were not the result of his "irresponsibility" and thus, the termination was not for just cause. In Harp, the two garnishments for which the employee was terminated were not valid, one had been filed after the employee had paid the bill and the other was for another individual. In the instant case, all three garnishments were legally valid.
 {¶ 56} Finally, misconduct is not required in Ohio to find a just cause discharge. Sellers, supra. Only an element of fault is needed. As the Eighth District Court of Appeals found in Brownlee, supra, a discharge based on excessive garnishments in violation of a company rule is a discharge for just cause in connection with work and causes the employee to be ineligible for unemployment compensation. Irvine, supra. There is sufficient evidence here of the type of fault necessary to find just cause for discharge for unemployment compensation purposes and to hold that appellant's termination was justified. Appellant was given notice of the company policy, which was a reasonable policy, and even warned after the second garnishment.
 {¶ 57} Since there is competent, credible evidence to support the Review Commission's decision that appellant was discharged for just cause, the decision of the court below should be reversed and the decision of the Review Commission should be reinstated.