DECISION
{¶ 1} This appeal from the Franklin County Court of Common Pleas involves two applications for Medicaid benefits.
 {¶ 2} In November 2005, appellant Karen C. Brown suffered a severe stroke and was put into a nursing home. Her daughter, Amanda Sanders, filed the first application for Medicaid with the Franklin County Department of Job and Family Services on November 28, 2005. That application was denied on May 18, 2006 for *Page 2 
failure to provide required information regarding the applicant's assets, specifically, disclosure of a closed bank account at Fairfield National Bank. Notice of the denial was sent to Sanders, but no appeal of the denial was taken.
 {¶ 3} In February 2007, counsel in this appeal, Michael D. Juhola, was appointed as guardian for Brown. On February 27, 2007, he filed a second application for Medicaid, straightened out the Fairfield Bank matter, and obtained approval by the county of the claim on April 3, 2007. That approval set November 2006 as the benefit start date, i.e., 90 days prior to the date of the second application, which is the maximum retroactive period for which benefits can be awarded.
 {¶ 4} The guardian requested further administrative review from appellee Ohio Department of Job and Family Services ("ODJFS") pursuant to R.C. 5101.35(B) seeking an earlier retroactive date for benefits based on the allegedly improper denial of the first application. Before the ODJFS hearing officer, the guardian attempted to introduce evidence to show that there was no effective notice of denial of the first application and that the time to appeal the initial denial had accordingly not yet run. The guardian attempted to show that the daughter Sanders had no power of attorney for Brown and was not an appointed guardian. He attempted to show that Sanders herself was seriously ill and hospitalized at the time the denial notice was sent. He also attempted to show that, due to her stroke, Brown was mentally incompetent with a mental age of four. Essentially, the guardian argued that the denial notice was not effective notice when served on this incompetent. The hearing officer refused to consider anything related to the first application, including the lack of effective notice claim, but found the second claim valid and allowed it. *Page 3 
 {¶ 5} On further appeal, the Franklin County Court of Common Pleas also refused to consider the evidence on the notice question and upheld the determination of ODJFS.
 {¶ 6} The guardian appeals designating four assignments of error:
 Assignment of Error 1: The Franklin County Common Pleas Court incorrectly found that the Department of Job and Family Services' Decision was supported by reliable, probative, and substantial evidence when the record does not include a transcript.
 Assignment of Error 2: The Franklin County Common Pleas Court incorrectly found that the Department of Job and Family Services' Decision was in accordance with law as the court and the agency failed to rule on the Constitutional deficiencies associated with the Appellant's Medicaid application.
 Assignment of Error 3: The Franklin County Common Pleas Court incorrectly found that the Department of Job and Family Services' Decision was in accordance with law by failing to address the issues relating to the notice upon an incompetent person.
 Assignment of Error 4: The Franklin County Common Pleas Court incorrectly found that the Department of Job and Family Services' Decision was in accordance with law by failing to address the Franklin County Department of Job and Family Services' violation of the 45 day rule.
 {¶ 7} Appellee ODJFS takes the position that there is really nothing for this court to decide. For appellee, appellant filed for Medicaid, her claim was approved, and a back-dated award was allowed. In effect, appellant has prevailed and there is nothing to appeal. Appellee regards the issue of the initial denial and any possible deficiencies in the subsequent deficient notice thereof as irrelevant. The hearing officer accepted appellee's position and refused to consider the matter of notice, as did the common pleas court on appeal. *Page 4 
 {¶ 8} We find that appellant's third assignment of error is dispositive of this appeal and will address it first.
 {¶ 9} Appellant argues that there was no actual or presumptive notice of the denial of the first claim. Appellant had the right to appeal her initial denial, but that time begins to run from the date of notice. If there was no notice, the time has not yet begun to run. Neither the hearing officer nor the court considered the issue of the validity of the notice of denial in the first application.
 {¶ 10} Appellant also asserts a claim of equitable tolling of the time limit for appeal for the first application, arguing that even if the notice of denial had been properly sent, it is inequitable to enforce the 90-day appeal time in this case. It does not appear in the record whether the hearing officer considered this claim, but the court of common pleas clearly did not. In its decision, the trial court relied onGriffith v. J.C. Penney Co. (1986), 24 Ohio St.3d 112. That case holds in very firm language that estoppel is not available against the state. But, even in upholding the time deadlines, the court gave a nod to the idea of notice and fairness by adding, "The OBES notification form adequately informed Griffith of the time limit for filing his request for reconsideration." Id. at 113. Estoppel is a shield, not a sword.
 {¶ 11} This court has recognized that the doctrine of equitable tolling may be appropriate in a case where the administrative deadline has passed. In the case of In re Certificate of Need Application ofHolzer Consol. Health Sys. v. Ohio Dept. of Health, Franklin App. No. 03AP-1020, 2004-Ohio-5533, ¶ 10, it was held:
 Appellees do not contest the applicability of Ohio Adm. Code 3701-12-232(A) and (E) to the application, but instead, argue that the Director appropriately found that the doctrine of equitable tolling should apply. In this case, the hearing *Page 5 
examiner acknowledged that there is no express language within the regulations concerning an exception, extension, or avoidance of the 12-month rule. In the absence of any express language permitting tolling, the hearing examiner concluded that equitable tolling was appropriate in order to avoid putting a halt to the review process merely because opponents had filed objections.
 {¶ 12} Other Ohio courts have accepted the concept of equitable tolling, but only in exceptional circumstances. In McNeely v. RossCorrectional Inst., Franklin App. No. 06AP-280, 2006-Ohio-5414, ¶ 11, this court held:
 * * * "The doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances." Gray v. Allstate Ins. Co.
(S.D.Ohio 2005), 2005 WL 2372845, citing Wilson v. Grumman Ohio Corp. (C.A.6, 1987), 815 F.2d 26. It is generally limited to circumstances in which an employee is intentionally misled or tricked into missing the filing deadline. Id. To that end, courts do not apply equitable tolling when employees have failed to pursue their rights diligently. Id. Courts consider five factors to determine whether equitable tolling is appropriate in a particular case: (1) lack of actual notice of the filing requirement, (2) lack of constructive notice of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirements. Id.
 {¶ 13} The federal courts in dealing with cases involved with the administration of federal law by the states have also recognized that equitable tolling may be considered. In Dixon v. Gonzales (C.A.6, 2007),481 F.3d 324, 330, the court held:
 The equitable tolling doctrine does not delay the start of the limitations clock, but rather halts its ticking after the limitations period has accrued. Amini v. Oberlin College, 259 F.3d 493, 498-500 (6th Cir. 2001). Thus, in the Title VII context, the limitations period begins to run when the adverse employment decision is communicated to the plaintiff, but may be tolled by equitable circumstances. * * * *Page 6 
 {¶ 14} Andrews v. Orr (C.A.6, 1988), 851 F.2d 146, 151, set out the test for equitable tolling. The following five factors are relevant to a determination of whether tolling should be allowed: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. See, also,Seay v. Tennessee Valley Auth. (C.A.6, 2003), 339 F.3d 454, 469.
 {¶ 15} The federal courts have not only followed the equitable tolling doctrine, they have expressed the need for a hearing on the matter. InLyons v. Potter (C.A.8, 2008), 521 F.3d 981, 983, it was held:
 In the absence of a developed record, a district court may be required to hold an evidentiary hearing on an equitable tolling claim. See, e.g., Coons v. Mineta, 410 F.3d 1036, 1041 (8th Cir. 2005). For example, when a complainant alleges sufficient facts which, if taken as true, establish a claim of equitable tolling, a court must give the complainant the opportunity to submit evidence on the issue. Id. at 1040-41. But where a plaintiff has an opportunity to present evidence and fails to do so, conclusory and vague claims do not mandate an evidentiary hearing. See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). While allegations alone may be sufficient to withstand a motion to dismiss, see Coons, 410 F.3d at 1040-41, something more is required to overcome a motion for summary judgment.
"Equitable tolling is thus determined on a case-by-case basis."United States ex rel. Bledsoe v. Community Health Sys., Inc. (C.A.6, 2007), 501 F.3d 493, citing Truitt v. Cty. of Wayne (C.A.6, 1998),148 F.3d 644, 648.
 {¶ 16} Applying the analysis above to the assignments of error in this case, we find that the third assignment of error is well-taken. We have no record in this case. We do not know if proper service was made, and, if so, whether the Ohio Department of *Page 7 
Job and Family Services considered equitable tolling or, rather, followed a strict time limit test as Griffith. We will not decide in the first instance that which the agency and court of common pleas failed to consider.
 {¶ 17} As to the balance of the appeal, the first assignment of error is not well-taken. There was no need for a record in this case because none of the evidence regarding the issues of notice or of equitable tolling was admitted.
 {¶ 18} We also find that the second assignment of error is not well-taken. We fail to see a question of constitutionality in this case. To be sure, every administrative decision could be viewed as ultimately raising an equal protection question, but the present issue here is one of notice and administrative process.
 {¶ 19} Lastly, we find that the fourth assignment of error is not well-taken. Appellant invokes Ohio Adm. Code 5101:1-38-01, which provides that under most circumstances a Medicaid application must be processed by the state within 45 days. Appellant asserts that the initial application was not processed within that time period. Appellee notes that the 45-day rule relates to a completed application, and, here, the first application was not completed because of the lack of complete information regarding the closed Fairfield Bank account. We cannot see how Brown was prejudiced in any way.
 {¶ 20} In summary, we sustain appellant's third assignment of error and overrule her first, second, and fourth assignments of error. We reverse the judgment of the trial court and remand this matter to the trial court for review and determination on the question of the effectiveness of the denial notice sent to Brown. If that service was *Page 8 
ineffective, the court of common pleas shall remand the matter to ODJFS for issuance of proper service of the denial in the initial application for benefits.
 {¶ 21} If the court finds that service was effective, the court shall determine pursuant to Griffith whether equitable tolling applies to administrative appeals within ODJFS. If the court finds thatGriffith bars the application of equitable tolling, given the posture of the administrative appeal before ODJFS, the court shall expressly make that determination in upholding the order of the agency.
 {¶ 22} If, to the contrary, the court finds that equitable tolling is available, it shall determine whether ODJFS has already considered the doctrine in the first instance and found that appellant does not meet the standard. If ODJFS has already applied and rejected the application of equitable tolling, the court shall review that determination. If ODJFS has not considered the application of equitable tolling, the court shall remand the matter to ODJFS for determination of whether appellant can meet the standard set forth in the above authorities and invoke the doctrine to preserve his appeal.
Judgment reversed; cause remanded with instructions.
 BRYANT and FRENCH, JJ., concur.
GREY, J., retired, formerly of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1