[Cite as *Stevens v. Dept. of Mental Health*, 2012-Ohio-6354.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT STEVENS, II

    Plaintiff

    v.

OHIO DEPARTMENT OF MENTAL HEALTH

    Defendant

Case No. 2010-09256

Judge Patrick M. McGrath

DECISION

{¶ 1} This case is sua sponte assigned to Judge Patrick M. McGrath to conduct all proceedings necessary for decision in this matter.

{¶ 2} On August 20, 2012, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On September 4, 2012, plaintiff filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 5} Plaintiff was employed as a Therapeutic Program Worker for defendant at Northcoast Behavioral Healthcare (Northcoast). Plaintiff suffers from severe gastrointestinal problems and avascular necrosis, which interferes with his ability to stand for prolonged periods of time. On July 11, 2008, plaintiff was advised by Paul Guggenheim, Chief Executive Officer for Northcoast, that his employment was terminated.[1] The letter from Guggenheim, dated July 9, 2008, states, in part: "You have failed to meet performance expectations in the following areas: You have been frequently observed sitting behind the desk on all three shifts during orientation and not interacting with the patients in the milieu." (Plaintiff's Exhibit A.)

{¶ 6} On April 27, 2009, plaintiff filed an Equal Employment Opportunity Commission (EEOC) charge of discrimination with the Ohio Civil Rights Commission against defendant wherein he asserted that he was removed from employment on July 11, 2008, in violation of Title I of the Americans with Disabilities Act of 1990 (ADA). (Plaintiff's Exhibit F.) On November 13, 2009, the EEOC issued a dismissal and notice of rights to plaintiff, which states in relevant part: "**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and or your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice,** or your right to sue based on this charge will be lost. (The time for filing suit

_____

[1]In plaintiff's second amended complaint, he states that he was notified of his termination on July 9, 2008. In its answer, defendant admits plaintiff was notified on July 11, 2008. For purposes of this decision, July 11, 2008 shall be used.

based on a state claim may be different.)"  (Emphasis in original.)  (Plaintiff's Exhibit G.) On February 11, 2010, plaintiff filed a complaint against defendant under Title I of the ADA in federal court.  (Plaintiff's Exhibit H.)  On May 21, 2010, defendant filed a motion to dismiss plaintiff's complaint on the basis that it was immune from suit in federal court on a Title I ADA claim.  On May 24, 2010, plaintiff filed an amended complaint in that action which asserted that he had been wrongfully excluded from programs, services or benefits provided by the State of Ohio when his employment was terminated, in violation of Title II of the ADA.  On June 12, 2010, plaintiff dismissed his case in federal court.  On July 19, 2010, plaintiff filed his complaint in this court alleging claims of employment discrimination in violation of the ADA.  On September 9, 2010, plaintiff filed an amended complaint to include claims of disability discrimination under Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, and R.C. 4112.02.  On February 27, 2012, plaintiff filed his second amended complaint, which added a claim for injunctive relief under the ADA, and also alleged that the doctrine of equitable tolling should apply to render his claims timely filed.

{¶ 7} In its motion, defendant asserts that plaintiff's claims are barred by the applicable statutes of limitations, and that the doctrine of equitable tolling does not apply.  The court agrees.

## I.  ADA CLAIMS

{¶ 8} R.C. 2743.16(A) states that: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than *two years* after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  (Emphasis added.)  Although plaintiff timely filed his ADA claims in federal court on February 11, 2010, plaintiff did not file his complaint in this court until July 19, 2010.

{¶ 9} To seek relief under the ADA, a plaintiff must file suit within 90 days of receipt of a right to sue letter from the EEOC. *See* Section 12117(a), Title 42, U.S. Code; *Peete v. American Standard Graphic*, 885 F.2d 331 (6th Cir.1989). Plaintiff argues that because he timely filed a complaint in federal court, the Ohio savings statute operates to save his claim in this court. R.C. 2305.19[2] may be invoked to save state law claims that were filed in federal court. *Crawford v. Medina Gen. Hosp.,* 9th Dist. No. 2604-M (Aug. 20, 1997). However, R.C. 2305.19 "cannot save a federal claim that contains a specific limitations period." *McNeely v. Ross Correctional Inst.,* 10th Dist. No. 06AP-280, 2006-Ohio-5414, ¶ 9. The only claims that plaintiff filed in federal court were based upon violations of the ADA, which contains a specific limitations period. Construing the facts most strongly in plaintiff's favor, the only reasonable conclusion to be drawn is that plaintiff's claims, under both Titles I and II of the ADA were not timely filed in the Court of Claims. Therefore, defendant is entitled to summary judgment as a matter of law on those claims.

## II. OTHER STATE AND FEDERAL CLAIMS

{¶ 10} R.C. 4112.02 provides, in pertinent part, that: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the * * * disability * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

---

[2]R.C. 2305.19(A) states, in relevant part:

"In any action that is commenced or attempted to be commenced, if in due time a judgment for the
plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a
new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶ 11} The two-year statute of limitations found in R.C. 2743.16 applies to claims that seek monetary damages for discrimination against the state. *McFadden v. Cleveland State University*, 10th Dist. No. 06AP-638, 2007-Ohio-298. For discrimination claims under R.C. 4112, the statute of limitations begins to run when the plaintiff is "unequivocally informed" of the alleged adverse action underlying the complaint. *Kozma v. AEP Energy Services*, 10th Dist. No. 04AP-643, 2005-Ohio-1157, ¶ 38. In paragraph two of his second amended complaint, plaintiff states that on July 9, 2008, he was advised "that he was being terminated, among other reasons, for sitting, rather than standing, behind his desk. See, Exhibit A." In paragraph 8 of his second amended complaint, plaintiff states "it is Exhibit C, dated July 23, 2008, that advised Plaintiff that the State violated his rights under the ADA, not the July 9, 2008 correspondence." Plaintiff argues that he was unequivically informed of his termination on the basis of his disability on July 23, 2008, when staff counsel for the office of legal services for defendant responded to a letter from his former attorney who had asserted that his termination was in violation of the ADA.

{¶ 12} The July 23, 2008 letter states: "The department has received your request relating to the dismissal of your client from Northcoast Behavioral Healthcare in Toledo. Please see the enclosed letter provided to your client on July 9th, 2008 listing the reasons for his dismissal. As is noted on the letter, your client stated that he did not want this letter." (Plaintiff's Exhibit C.) However, nothing in the July 23, 2008 letter sets forth an additional basis for plaintiff's removal. Indeed, the July 23 letter refers plaintiff to the reasons for his removal that were listed in the July 9 letter. Moreover, in his EEOC charge, plaintiff asserted that he was removed from employment on July 11, 2008, in violation of Title I of the Americans with Disabilities Act of 1990 (ADA). (Plaintiff's Exhibit F.) Construing the evidence most strongly in plaintiff's favor, the only reasonable conclusion is that plaintiff was "unequivocally informed" of the termination of his employment on July 11, 2008, and that he was "excluded from the participation in,

denied the benefits of, or was subjected to discrimination or activity" when he was informed of his termination. Therefore, none of plaintiff's claims filed in his July 19, 2010 complaint, as amended on September 9, 2010, and again on February 27, 2012, were timely filed, including plaintiff's claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794.

## III. EQUITABLE TOLLING

{¶ 13} The Tenth District Court of Appeals has stated that the doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances, and is generally limited to those circumstances in which an employee is intentionally misled or tricked into missing the filing deadline. *Moore v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, citing *McNeely, supra*, at ¶ 11. "The following five factors are relevant to a determination of whether tolling should be allowed: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." (Internal citations omitted.) *Brown v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-239, 2008-Ohio-6523, ¶ 14.

{¶ 14} In response to defendant's motion, plaintiff submitted the affidavit of his former attorney, Percy Squire, who avers in pertinent part: "4. In filing Mr. Stevens' original case I relied upon the language in the Equal Employment Opportunity Commission (EEOC) Notice which states that Mr. Stevens' ADA claim could be brought in either state or federal court. Mr. Stevens should not be penalized for my reliance upon the plain language of the EEOC notice."

{¶ 15} Plaintiff argues that the language contained in the EEOC notice advised him that his Title I ADA claim could be filed in federal court; that he relied on that advice to file the Title I claim in federal court; that he proceeded timely in federal court; and that

based upon the state's objection, plaintiff dismissed his federal action and refiled in state court. Plaintiff argues that defendant's motion for summary judgment amounts to "active deception," and that defendant was not prejudiced by his late filing in this court because it was aware of plaintiff's federal action. Plaintiff asserts that material issues of fact exist as to whether he was diligent in pursuing his rights and as to whether the state was prejudiced by the multiple filings that eventually led to the filing in this court.

{¶ 16} However, construing the evidence most strongly in plaintiff's favor, the only reasonable conclusion to be drawn from the EEOC notice is that plaintiff's ADA claim had to have been timely filed in either state or federal court within 90 days of plaintiff's receipt of the notice. Nothing in that language supports the inference that plaintiff was not given notice of the filing requirement or that it would be reasonable for plaintiff to remain ignorant of the particular filing requirement. Indeed, plaintiff was aware on May 21, 2010, that a jurisdictional question existed with respect to his federal action, but plaintiff did not file his claim in this court until July 19, 2010, nearly two months later. Plaintiff does not offer any explanation for his failure to file an action in this court on or before July 11, 2010.

{¶ 17} For the foregoing reasons, defendant's motion for summary judgment is well-taken and it shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT STEVENS, II

    Plaintiff

    v.

OHIO DEPARTMENT OF MENTAL HEALTH

    Defendant

Case No. 2010-09256

Judge Patrick M. McGrath

<u>JUDGMENT ENTRY</u>

{¶ 18} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Emily M. Simmons
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Lee A. Rabe
Assistant Attorney General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3400

William C. Wilkinson
341 South Third Street, Suite 101
Columbus, Ohio 43215

002
Filed November 13, 2012
To S.C. Reporter March 22, 2013